UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Daniel KAYFEZ,
Defendant–Appellant.

No. 90–10029.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 1990.

Decided Feb. 21, 1992.

Robert M. Holley, Asst. Federal Defender, Sacramento, Cal., for defendant-appellant.

Thomas J. Hopkins, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before BROWNING, PREGERSON and TROTT, Circuit Judges.

PER CURIAM:

Michael Daniel Kayfez appeals his sentence under the Federal Sentencing Guidelines, imposed after his plea of guilty to one count of possessing counterfeit Federal Reserve Notes in violation of 18 U.S.C. § 472 and one count of possessing an unregistered silencer in violation of 26 U.S.C. § 5861(d).

Kayfez appeals his sentence on the grounds that the sentencing court (1) incorrectly assessed him three additional criminal history points under Guideline sections 4A1.1(d) and (e); (2) incorrectly ruled that possessing counterfeit Federal Reserve Notes and possessing an unregistered silencer did not qualify as a single group for the purpose of calculating Kayfez's offense level; and (3) incorrectly rejected his claim that he was entitled to a six-level decrease in his offense level under Guideline section 2K2.2.

We reject each of these arguments in turn, and affirm the sentencing court's decision.

## I. *Three Additional Criminal History Points*

The district court's application of the guidelines is a legal question that we review de novo. *United States v. Anderson,* 942 F.2d 606, 609 (9th Cir.1991) (en banc).

Kayfez argues that the sentencing court incorrectly assessed him two additional criminal history points under § 4A1.1(d) for possessing counterfeit notes while on mandatory supervised release, and incorrectly added one additional point under § 4A1.1(e) for possessing the notes within two years of his release from prison.

In calculating a defendant's criminal history category under the guidelines, § 4A1.1 instructs the sentencing court to:

(d) Add 2 points [to the criminal history point total] if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

(e) Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment.... If 2 points are added for item (d), add only 1 point for this item.

The "instant offense" in this case is the possession of counterfeit notes on or about October 26, 1988. Possession is a continuing offense. *See, e.g., United States v. Jones,* 533 F.2d 1387 (6th Cir. 1976). It appears from the record before the district court that Kayfez possessed the counterfeit notes continuously from the time he apparently made them until they were seized in his residence on October 26, 1988. He therefore committed the charged offense of possessing counterfeit notes at a time critical to the application of §§ 4A1.1(d) and (e).

The fact that the indictment charged Kayfez with possessing the notes "on or about October 26, 1988," the day they were seized, does not change the result. The date alleged in the indictment is relevant only if the statute of limitations is implicated, *United States v. Nunez,* 668 F.2d 1116, 1127 (10th Cir.1981), or if the defendant makes an affirmative showing of prejudice, *United States v. Anderson,* 532 F.2d 1218, 1230 (9th Cir.1976). Though the ultimate question in these cases was whether there was a variance between the evidence presented and the allegations of the indictment sufficient to require a reversal of the conviction, we see no reason to follow a different rule when the question is whether the date in the indictment fixes and limits the date when the possession occurred for the purposes of applying the guidelines.

The statute of limitations is not at issue here, and Kayfez has not shown that he was prejudiced in the preparation of his defense by the listing of a specific date in the indictment. Because the evidence before the district court showed Kayfez to be

in continuous possession of the counterfeit notes during the critical period, the addition of three criminal history points was proper.

## II. *Grouping of the Two Counts*

■ The district court correctly ruled that possession of counterfeit notes and possession of an unregistered silencer were not groupable under guideline provisions. Section 3D1.2 requires that the two counts involve "substantially the same harm." The two offenses here did not involve substantially the same harm. As the government points out, the societal interest invaded by each offense is very different. Counterfeiting undermines the integrity of the nation's currency and perpetrates a fraud on the merchants who receive counterfeit notes. Possession of an unregistered silencer threatens personal safety. *See United States v. Pope*, 871 F.2d 506, 510 (5th Cir.1989) (possession of an unregistered silencer and unlawful possession of a pistol were not grouped together because the silencer and the pistol were two different instruments of danger to the community and needed to be treated differently).

## III. *Six–Level Decrease For Asserted Legal Use of an Unregistered Silencer*

■ The district court correctly ruled that Kayfez was not entitled to a six-level decrease in his offense level despite Kayfez's claim that he intended to use the silencer to exterminate ground squirrels.

The version of § 2K2.2(b)(3) in effect at the time of Kayfez's sentencing did not provide for a decrease for all lawful uses of a firearm. That section provided for a six-level decrease if the firearm was possessed solely for "sport, recreation or collection." § 2K2.2(b)(3), as amended on November 1, 1989. Exterminating ground squirrels to protect one's property is neither sport nor recreation. Further, one rarely possesses a silencer for "sport, recreation, or collection" or for any other lawful use. *See United States v. Kirk*, 894 F.2d 1162, 1164

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

---

(10th Cir.1990) (rejecting defendant's argument that he was entitled to a six-level decrease because he possessed a sawed-off shotgun as part of a collection and intended to mount it, and noting that "sawed-off shotguns are not ordinarily considered collectibles, nor the type of gun one would mount for decoration"); *see also Pope*, 871 F.2d at 509 (possession of an illegal gun collection could not be used to reduce the offense level). For these reasons, Kayfez's claim that he intended to use the silencer to exterminate ground squirrels does not entitle him to a reduced offense level under section 2K2.2(b)(3).

For the foregoing reasons, the sentencing court's decision is AFFIRMED.