**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert William WEINERT,
Defendant–Appellant.**

**No. 93–50061.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 1993 *.

Decided July 30, 1993.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Humberto Diaz, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellant.

Robert L. Brosio and Ronald L. Cheng, Asst. U.S. Attys., Los Angeles, CA, for plaintiff-appellee.

Before: BROWNING, TANG, and NORRIS, Circuit Judges.

PER CURIAM:

Robert William Weinert appeals his 151-month sentence imposed following his conviction by guilty plea to three counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). Weinert contends that the district court erred by sentencing him as a career offender under U.S.S.G. § 4B1.1 because his prior California state conviction for shooting at an inhabited building does not qualify as a crime of violence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's determination that Weinert was a career offender. *United States v. Becker*, 919 F.2d 568, 570 (9th Cir.1990), *cert. denied*, 499 U.S. 911, 111 S.Ct. 1118, 113 L.Ed.2d 226 (1991); *United States v. Williams*, 891 F.2d 212, 214 (9th Cir.1989), *cert. denied*, 494 U.S. 1037, 110 S.Ct. 1496, 108 L.Ed.2d 631 (1990).

A defendant qualifies a career offender under the United States Sentencing Guidelines if among other requirements, he has "at least two prior felony convictions of ... a crime of violence." U.S.S.G. § 4B1.1; *accord United States v. Young*, 990 F.2d 469, 470 (9th Cir.1993). A "crime of violence" is defined, in part, in Guidelines section 4B1.2 as a state or federal offense punishable by more than one year in prison that either "has as an element the use, attempted use or threatened use of physical force against the person of another, or ... otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(1). "To determine whether a prior conviction is a 'crime of violence', we look to 'the elements of the crime charged or whether the actual charged conduct of the defendant presented a serious risk of physical injury to another.'" *Young*, 990 F.2d at 470 (quoting *United States v. Sahakian*, 965 F.2d 740, 742 (9th Cir.1992)).

At the time of Weinert's 1984 conviction for shooting at an inhabited building, Cal.Penal Code § 246 provided that: "[a]ny person who shall maliciously and willfully discharge a firearm at an inhabited dwelling ... is guilty of a felony.... As used in this section, 'inhabited' means currently being used for dwelling purposes, whether occupied or not."

■ Weinert contends that the California statute cannot be categorically defined as involving a crime of violence because it does not require as an element the use, attempted use, or threatened use of physical force against another person. Thus, he asserts that a conviction under this statute can only qualify as a crime of violence when it is clear that the dwelling shot at was actually occupied.

We disagree. The risk of physical injury exists in the very nature of shooting at an inhabited dwelling regardless of whether the residence was occupied at the time of the shooting. The act itself presents a risk to neighboring residents, bystanders and law enforcement authorities who may respond. *Cf. Taylor v. United States*, 495 U.S. 575, 585, 110 S.Ct. 2143, 2151, 109 L.Ed.2d 607 (1990) (recognizing that typical residential and even "professional commercial" burglaries present very serious dangers to those "who might be inadvertently found on the premises") (citations omitted). Thus, it is the risk inherent in the act of shooting at an inhabited building, as opposed to the presence of a victim, that makes this particular offense a crime of violence. *Cf. United States v. Huffhines*, 967 F.2d 314, 321 (9th Cir.1992) (possession of a firearm silencer constitutes a crime of violence because such possession necessarily carries a risk of serious injury).

■ Weinert additionally contends that his conviction does not involve a crime of violence because Weinert knew that the apartment in question was not occupied at the time of the shooting. This court "takes a categorical approach" and looks only to the statutory definition of the crime, not to the specific conduct that occasions a prior conviction. *Becker*, 919 F.2d at 570. Weinert's contention that his particular conviction was not a crime of violence because the apartment he shot at was not occupied lacks merit. Accordingly, the district court did not err by classifying Weinert as a career offender and sentencing him as required by section 4B1.1.

**AFFIRMED.**