47 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sammy Lane BAGLEY, Sr., Defendant-Appellant.
 No. 94-10174.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 13, 1995.
Decided Feb. 16, 1995.
 
 Before: ALDISERT*, CHOY and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sammy Lane Bagley, Sr. appeals his sentence imposed under the Sentencing Guidelines following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. Sec. 922(g)(1). He argues that his prior conviction in 1992 for Possession of an Unregistered Firearm in violation of 26 U.S.C. Sec. 5861(d) was not a "crime of violence" as defined by U.S.S.G. Sec. 4B1.2, and thus his base offense level was calculated incorrectly under U.S.S.G. Sec. 2K2.1(a)(4). We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 I.
 
 3
 The district court's determination that Bagley had a prior felony conviction for a crime of violence requires an interpretation of the Sentencing Guidelines, and is therefore reviewed de novo. United States v. Becker, 919 F.2d 568, 570 (9th Cir.1990), cert. denied, 499 U.S. 911 (1991). Under the Guidelines, a "crime of violence" is defined as follows:
 
 
 4
 (1) The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that--
 
 
 5
 (ii) is burglary of a dwelling, arson, or extortion, involving the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
 
 
 6
 U.S.S.G. Sec. 4B1.2(1)(ii) (emphasis added).
 
 
 7
 In 1992, Bagley was convicted of Possession of an Unregistered Firearm. Section Sec. 5861 provides:
 
 
 8
 It shall be unlawful for any person ... to receive or possess a firearm which is not registered to him ...
 
 
 9
 26 U.S.C. Sec. 5861(d). This conviction arose from an indictment charging Bagley with two counts of possession of an unregistered firearm, to-wit, silencers; two counts of possession of a firearm not identified by a serial number; and one count of unlawful storage of explosive material. As a result of a plea bargain, Bagley pleaded guilty to one count of possession of an unregistered firearm, to-wit, a silencer; the government agreed to drop the three other felony charges related to the silencers and the one charge involving C-4 explosives. Bagley was sentenced on February 24, 1992 to a three-year period of probation.
 
 
 10
 The sole issue presented in this appeal is whether the possession of an unregistered silencer constitutes a "crime of violence" under the Guidelines. We have held that it does:
 
 
 11
 A categorical approach, by which only the statutory definition of the crime is examined, is appropriate to determine whether a prior conviction is a crime of violence under section 4B1.1. The crime of possession of a firearm silencer does not have as an element the use, attempted use or threatened use of physical force required by section 4B1.2(1)(i). Thus, in order for the offense to be a crime of violence, it must "involve[ ] conduct that presents a serious potential risk of physical injury to another." U.S.S.G. Sec. 4B1.2(1)(ii).
 
 
 12
 The unlawful possession of a silencer presents such a risk. In United States v. Dunn, 946 F.2d 615, 620-21 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 401 (1991), we held that possession of an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d) constituted a crime of violence for purposes of section 4B1.1. We noted that, under 26 U.S.C. Sec. 5861(d), not all firearms must be registered, only those that Congress found to be inherently dangerous and lacking in lawful purposes, such as sawed-off shotguns and grenades. We reasoned that the possession of an unregistered firearm of the kind defined in section 5845 involved a blatant disregard of the law and a substantial risk of improper physical force.
 
 
 13
 This reasoning also applies to the unlawful possession of a silencer. A silencer is specifically listed in section 5845's definition of "firearm." 26 U.S.C. Sec. 5845(a)(7). Like a sawed-off shotgun and other firearms of the kind enumerated in that section, a silencer is practically of no use except for a criminal purpose. See United States v. Kayfez, 957 F.2d 677, 679 (9th Cir.1992) (silencer rarely possessed for lawful purpose).
 
 
 14
 United States v. Huffhines, 967 F.2d 314, 320-21 (9th Cir.1992) (citations and footnote omitted).
 
 II.
 
 15
 In his written briefs, Bagley seeks to avoid the teachings of Huffhines by arguing that: (a) the critical issue in this case is not the statutory definition of the crime but the conduct charged in the count of which the defendant was previously convicted and that "the factfinder clearly and indisputably determined that the prior offense was not a crime of violence but was the possession of a silencer for collection purposes," Appellant's Brief at 7; and (b) the "Government is precluded from arguing otherwise under the doctrine of collateral estoppel." Id. These arguments are without merit.
 
 
 16
 A prior conviction is classified as a "crime of violence" within the meaning of U.S.S.G. Sec. 4B1.2(1)(ii) if it "involves conduct that presents a serious potential risk of physical injury to another." Huffhines expressly held that the unlawful possession of a silencer presents such a risk. 967 F.2d at 321. This holding was not diluted by United States v. Parker, 5 F.3d 1322, 1324 (9th Cir.1993) ("In determining whether a prior conviction was for a 'violent felony,' the sentencing court must apply a 'categorical approach.' ") (quoting United States v. Sherbondy, 865 F.2d 996, 1009 (9th Cir.1988)), nor affected by United States v. Young, 990 F.2d 469, 471 (9th Cir.) ("In Huffhines ... we stated that a 'categorical approach, by which only the statutory definition of the crime is examined, is appropriate to determine whether a prior conviction is a crime of violence under section 4B1.1.' ... In Huffhines itself, for example, we held that the unlawful possession of a silencer was a crime of violence because it involved conduct that presented a 'risk of improper physical force.' ") (citations omitted), cert. denied, 114 S.Ct. 276 (1993). Rather, the reasoning in Huffhines has been cited with approval since it was decided. See, e.g., United States v. Weinert, 1 F.3d 889, 891 (9th Cir.1993); United States v. Lonczak, 993 F.2d 180, 182 (9th Cir.1993).
 
 
 17
 We reject Appellant's attempt to transform his possession of a silencer in his first prosecution from a crime of violence into a non-violent offense on the basis of certain remarks of the sentencing judge:
 
 
 18
 I think, frankly, if it were a litigated matter and I heard the evidence, it could be that the Court would come out a different way on it. But it's not--it's not litigated, it's not, particularly, contested.
 
 
 19
 Appellant's ER at 6.
 
 
 20
 In our view, what is relevant is that in pleading guilty to the unregistered possession of a silencer in 1991, Bagley admitted, and the sentencing judge necessarily decided in accepting the guilty plea with its attendant plea bargain, that Bagley committed a crime of violence. See Huffhines, 967 F.2d at 321. To the extent that he now argues that he had a defense to the previous conviction, to-wit, "possession of a silencer for collection purposes," Appellant's Brief at 7, the historical fact is that he did not assert this as a defense in a not guilty plea; instead, as a result of a plea bargain he pleaded guilty to one count of possession of an Unregistered Firearm in exchange for the government's dropping four other charges relating to silencers and C-4 explosives. If he did not assert this defense in the prior conviction, he cannot revise judicial history and now claim that he was not convicted of the very crime to which he pleaded guilty.
 
 
 21
 Appellant devoted the bulk of his oral argument to a contention not contained in his written brief-in-chief nor in his reply brief. He argues taht when the silencer in the prior conviction was discovered in his possession on March 7, 1990, and when he pleaded guilty and was sentenced on February 24, 1992, this court had not filed its June 15, 1992 decision in Huffhines. From this Appellant argues that prior to June 15, 1992, unlawful possession of a silencer would not come within the purview of U.S.S.G. Sec. 4B1.2(1)(ii) as "conduct that presents a serious potential risk of physical injury to another" and that therefore it was inappropriate for the district court to consider the prior conviction in raising the base offense level based on a previous crime of violence. There are three quick answers to this contention: First, we are inhospitable to issues not raised in the written briefs, because opposing counsel had no opportunity to respond or to assist the court. Second, Appellant has not cited any case law prior to June 15, 1992 contrary to the teachings of Huffines. Third, in Huffhines we said that possession of a silencer is conduct that involves a "blatant disregard of the law' and creates the "substantial risk of improper physical force." 967 F.2d at 321. That risk was no different when Bagley possessed the silencer in 1990.
 
 III.
 
 22
 We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. The judgment of the district court is AFFIRMED.
 
 
 
 *
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3