59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Cecilio AGUIRRE-CERDA, Defendant-Appellant.
 No. 94-50559.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 MEMORANDUM**
 Cecilio Aguirre-Cerda appeals his sixty-month sentence for re-entering the United States after having been deported following a felony conviction. Aguirre-Cerda argues his criminal history score incorrectly reflected that he committed the instant offense while on probation for another offense. We review de novo the application of the Sentencing Guidelines. United States v. Kayfez, 957 F.2d 677, 678 (9th Cir.1992) (per curiam). We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 After having been deported three times and convicted of various crimes, Aguirre-Cerda was arrested by police officers on state charges on March 12, 1994. On April 5, he was sentenced to three years probation on the condition that he serve ninety days in jail. The INS lodged a detainer on April 12. On May 9, the jail released Aguirre-Cerda into the custody of the INS.
 The district court added two points to Aguirre-Cerda's criminal history calculation because he "committed the instant offense while under a [ ] criminal justice sentence, including probation." U.S.S.G. Sec. 4A1.1(d).
 
 
 1
 Aguirre-Cerda challenges this ruling by arguing that he was not on probation when he re-entered the United States and that he was "found in" the United States before he was sentenced in state court on April 5. We disagree. On the day the INS arrested Aguirre-Cerda--which is "the day that he committed the offense of being a deported alien found in the United States under 8 U.S.C. Sec. 1326"--he was under another criminal justice sentence.[1] United States v. Guzman-Bruno, 27 F.3d 420, 422 (9th Cir.) (counting date defendant arrested by INS agents as the day that he committed the offense because 8 U.S.C. Sec. 1326 is a continuing offense), cert. denied, 115 S.Ct. 451 (1994); Kayfez, 957 F.2d at 678 (applying Sec. 4A1.1(d) to a defendant who was on supervised release on day officers seized counterfeit notes from his residence, because possession is continuous offense).
 
 
 2
 Aguirre-Cerda's argument that he was not "voluntarily present" in the United States at the time he was "on probation" because he was in state custody fails for the reasons stated in United States v. Ortiz-Villegas, 49 F.3d 1435, 1437-38 (9th Cir.1995). At the time he was found, Aguirre-Cerda was in jail, but "[h]is inability to depart this country was of his own making." Id. at 1437, n. 2.
 
 
 3
 Therefore, the district court properly calculated the criminal history score.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court did not resolve the factual dispute of whether the INS lodged the detainer on April 12 or 21, because the dispute was immaterial. Even if we used April 12 as the date Aguirre-Cerda was found in the United States, he was serving his jail term at that time. See U.S.S.G. Sec. 4A1.1(d) ("any criminal justice sentence, including ... imprisonment")