119 F.3d 8
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Pablo Tee STALLINGS, Defendant-Appellant.
 No. 96-30254.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 11, 1997.
Decided July 25, 1997.
 
 MEMORANDUM*
 Appeal from the United States District Court for the District of Oregon Edward Rafeedie,** Senior District Judge, Presiding
 Before: FERGUSON, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 Pablo Tee Stallings appeals his sentence following his guilty plea to one count of violating 18 U.S.C. § 1952 ("Travel Act"). He argues that the district court erred in sentencing him as a career offender under U.S.S.G. § 4B1.1 (1995), because the count to which he pleaded guilty is not a "crime of violence" within the meaning of U.S.S.G. § 4B1.2 (1995). We have jurisdiction, 18 U.S.C. § 3742, and affirm.
 
 
 2
 Stallings argues that the Travel Act offense of which he was convicted, 18 U.S.C. § 1952(a)(3), does not contain as an element "the use, attempted use, or threatened use of physical force against: the person of another," as required by § 4B1.2(1)(i), and that it: cannot be a "crime of violence" because subsection (a)(3) is the "nonviolent" prong of the Travel Act statute.
 
 
 3
 Even though Stallings's § 1952(a)(3) offense is not a "crime of violence" under § 4B1.2(1)(i), it is under § 4B1.2(1)(ii) because it is extortion that "otherwise involves conduct that presents a serious potential risk of physical injury to another." We do not follow a strictly categorical approach, as Stallings urges; rather, we may consider a defendant's actual conduct as set forth in the indictment and guilty plea or plea agreement. United States v. Wood, 52 F.3d 272, 275 (9th Cir.), cert. denied, 116 S.Ct. 217 (1995); United States v. Young, 990 F.2d 469, 472 (9th Cir.1993). Here, the conduct charged in the indictment and described in Stallings's plea--extortion and coercion by firing a bullet into a home--unquestionably "presents a serious potential risk of physical injury to another." It doesn't matter that Stallings may have believed no one was there at the time, as the risk of physical injury exists nonetheless. Cf. United States v. Weinert, 1 F.3d 889, 891 (9th Cir.1993).
 
 
 4
 Nor do we agree that a conviction under § 1952(a)(3), the "nonviolent" prong of the Travel Act, may never be a crime of violence. What matters for purposes of the career offender guidelines is that the charged conduct entail a serious potential risk of physical injury, as traveling to Oregon for extortion and coercion, and then firing a bullet into a house to threaten murder, plainly does. In this respect Stallings's conduct is totally different from that in United States v. Winter, 22 F.3d 15 (1st Cir.1994), upon which he relies, where only sports bribery was involved.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 Honorable Edward Rafeedie, Senior District Judge for the Central District of California, sitting by designation