# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3519

_____

United States of America,

      Appellee,

v.

Kirk Brian Turner,

      Appellant.

\*
\*
\* Appeal from the United States
\* District Court for the Eastern
\* District of Arkansas.
\*
\*      [UNPUBLISHED]
\*
\*

_____

Submitted:  April 11, 2000

Filed:  April 19, 2000

_____

Before McMILLIAN and FAGG, Circuit Judges, and ROSENBAUM,[*] District Judge.

_____

PER CURIAM.

Kirk Brian Turner pleaded guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1).  The district court sentenced Turner as a career offender under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 4B1.1, which applies when the defendant has "at least two prior felony convictions of . . . a crime of violence," id. § 4B1.1(3), because the court concluded Turner's California conviction for shooting at

---

[*]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

an inhabited dwelling was a crime of violence within the meaning of § 4B1.1. Turner appeals his sentence, challenging this conclusion.

Section 4B1.2(a) of the Sentencing Guidelines defines a "crime of violence" for the purposes of § 4B1.1 as "any offense under federal or state law . . . that has as an element the use, attempted use or threatened use of physical force against the person of another, or . . . otherwise involves conduct that presents a serious risk of physical injury to another." Id. § 4B1.2(a). Turner contends his California offense was just a crime against property rather than a crime of violence as defined in U.S.S.G. § 4B1.2(a). We disagree.

In 1994, Turner was convicted of violating § 246 of the California Penal Code, which provided: "Any person who shall maliciously and willfully discharge a firearm at an inhabited dwelling . . . is guilty of felony . . . . As used in this section, 'inhabited' means currently being used for dwelling purposes, whether occupied or not." The conviction resulted from Turner's discharge of a gun in a house occupied by Turner's girlfriend following an angry confrontation with her. We agree with the district court that Turner's conviction was for a crime of violence within the meaning of § 4B1.1. See United States v. Weinert, 1 F.3d 889, 891 (9th Cir. 1993) (per curiam) (shooting at an inhabited dwelling in violation of Cal. Penal Code § 246 is a crime of violence within the meaning of U.S.S.G. § 4B1.1). We thus affirm Turner's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-