**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jagdish SINGH, Defendant—Appellant.**

No. 05–10454.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2006.

Decided Aug. 1, 2006.

Daniel R. Drake, Esq., USPX—Office of The U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Nancy L. Hinchcliffe, Esq., Phoenix, AZ, for Defendant–Appellant.

Before: HUG and O'SCANNLAIN, Circuit Judges, and BENITEZ,* District Judge.

---

* The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

MEMORANDUM **

A jury found Jagdish Singh ("Singh") guilty of all counts in a seven-count indictment. On appeal, Singh raises three issues. First, Singh contends that the district court clearly erred in finding he was a "manager or supervisor" as defined by U.S.S.G. § 3B1.1(b) and thus, erred in applying a three-level upward adjustment to his offense level. Second, Singh argues that the district court violated his Fifth Amendment right to due process by not reading or giving a copy of the indictment to the jury. Third, Singh argues that the district court violated his Fifth Amendment right to a fair trial because it failed to adequately apprise the jury of the dates of the offenses charged for Counts 2–5 and 7 of the indictment. We affirm the district court.

*1. U.S.S.G. § 3B1.1(b)*

■ The district court may apply a U.S.S.G. § 3B1.1(b) aggravating role enhancement if the government shows by a preponderance of evidence that the defendant was a manager or supervisor in the crime. *See United States v. Alonso,* 48 F.3d 1536, 1545 (9th Cir.1995). We review the district court's factual findings in the sentencing phase for clear error. *United States v. Kilby,* 443 F.3d 1135, 1140 (9th Cir.2006). We must accept the lower court's findings of fact unless, upon review, we are left with the definite and firm conviction that a mistake has been committed. *See Sawyer v. Whitley,* 505 U.S. 333, 346 n. 14, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992) (citations omitted).

In order to draw a three-level upward adjustment under § 3B1.1(b), a defendant need only have managed or supervised one

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

other participant involved in the commission of the crime.[1] *United States v. Barnes*, 993 F.2d 680, 685 (9th Cir.1993). A defendant manages or supervises another if he exercises "some degree of control or organizational authority" over that person. *United States v. Koenig*, 952 F.2d 267, 274 (9th Cir.1991) (quoting *United States v. Mares–Molina*, 913 F.2d 770, 773 (9th Cir.1990)).

Singh's conduct qualifies him as a manager and supervisor under § 3B1.1(b) because he exercised "some degree of control or organizational authority" over Sukhwinder Paul ("Paul") and Rashpal Cheema ("Cheema"). According to the evidence presented at trial, Singh selected which ATM locations Paul and Cheema would fraudulently withdraw from, directed Paul and Cheema to work alone so that they could make more withdrawals, explained to Paul and Cheema how the counterfeit cards worked, dropped off and picked up Paul and Cheema throughout the scheme, and handed out counterfeit cards to Paul and Cheema to use. The district court's finding was not clearly erroneous.

### 2. Reading or Giving the Indictment to the Jury

██ Singh did not raise a timely objection to this issue in the district court. Therefore, we review for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Ross*, 206 F.3d 896, 899 (9th Cir.2000). Under plain error review, Singh must establish: (1) an "error" occurred, (2) the error was "plain", and (3) the error affected "substantial rights." *United States v. Recio*, 371 F.3d 1093, 1100 (9th Cir.2004) (citation omitted). If all these conditions

are met, we may notice the error but only if the error "seriously affects the fairness, integrity, or public reputation of [the] judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

In *Robles v. United States*, we held that "it is well settled that the jury must be fairly apprised of the nature of the charges against the defendant, but this does not necessarily require a reading of the indictment to the jury either in whole or in part." 279 F.2d 401, 403–04 (9th Cir.1960) (citations omitted). If the jury is fairly apprised of the nature of the charges against the defendant, any error resulting from the district court's exercise of discretion not to read or provide the indictment to the jury is not plain error.

The district court's decision to not read or provide a copy of the indictment to the jury did not affect Singh's substantial rights. The evidence from the record shows that the jury was fairly apprised of the nature of the charges against Singh. The court gave the factual essence of what was being charged to the jury in its preliminary instructions, during voir dire, in its final jury instructions, and in its jury verdict forms. Moreover, the government reviewed the legal charges and elements of the indictment twice to the jury in its closing arguments. The court's error, if any, in not reading or providing the indictment to the jury does not rise to the level of plain error.

### 3. The Dates for Counts 2–5 and 7 of the Indictment

██ The defendant did not raise a timely objection to this issue in the district

---

1. Although § 3B1.1(b) requires there be at least five participants, "there is no requirement ... that the defendant *exercise authority over* at least five participants before the enhancement can be applied." *United States v.*

*Barnes*, 993 F.2d 680, 685 (9th Cir.1993) (emphasis in original and citation omitted). There is no dispute that there were at least five participants in this case.

court. Therefore, we review for plain error. *See* Fed.R.Crim.P. 52(b); *Ross,* 206 F.3d at 899.

The dates alleged in the indictment are material only if there is an issue regarding the statute of limitations or if the defendant makes an affirmative showing of prejudice. *See United States v. Kayfez,* 957 F.2d 677, 678 (9th Cir.1992).

The dates of the indictment in this case are immaterial because there are no valid issues regarding the statute of limitations and Singh has failed to make an affirmative showing of prejudice. Singh's substantial rights were not affected and the court's error, if any, in not providing dates for Counts 2–5 and 7 of the indictment does not rise to the level of plain error.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.