JOHN WESLEY JOHNSON, Jr., Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 7870

March 17, 1975                              532 P.2d 1037

*M. Daniel Markoff,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Joel M. Cooper,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A Las Vegas Police Officer heard from an undisclosed informant that John Wesley Johnson, Jr., was willing to pay a hired assassin $60,000.00.

The officer, feigning that he was a "hit man for hire," from out of state, had several telephone conversations with a person who represented himself to be Johnson. Details of the proposed killing were discussed; however, the two men never met face to face. Instead, the officer recruited a second officer, who did have two face to face meetings with Johnson.

According to the second officer, the identity, habits and

residence of the proposed victims were discussed at these meetings, and the method to be used in accomplishing their proposed demise and disposition of bodies, as well. Shortly after the second meeting Johnson was arrested, and charged with attempted capital murder and conspiracy to commit murder.

Following preliminary examination Johnson was ordered to stand trial for the charged offenses. He then sought habeas relief in the district court, which was denied, and challenges that ruling by this appeal.

1. The elements of an attempt to commit a crime were delineated by this court in State v. Thompson, 31 Nev. 209, 216, 101 P. 557, 559 (1909). There, we said the prosecution must establish (1) the intent to commit the crime, (2) performance of some act towards its commission, and, (3) failure to consummate its commission. See Mathis v. State, 82 Nev. 402, 419 P.2d 775 (1966).

In State v. Charley Lung, 21 Nev. 209, 28 P. 235 (1891), this court noted that devising or arranging the means and measures necessary for the commission of the offense is merely preparation; and, the attempt is the direct movement toward the commission, after the preparation is made.

Here, although intent to commit the crime was shown, the discussions testified to by the feigned "hit man" were but preparation; they did not constitute the second element, performance of an overt act toward the commission of the crime. Compare People v. Adami, 111 Cal.Rptr. 544 (Cal.App. 1973), which held there was no "attempt" where, besides solicitation and discussion, there had been the payment of a sum of money to the proposed "hit man."

2. A conspiracy requires an agreement by at least two people. When one of two persons merely pretends to agree, the other party, whatever he may believe, is in fact not conspiring with anyone. Delaney v. State, 51 S.W.2d 485 (Tenn. 1932).

The district judge should have granted the habeas petition, without prejudice to the institution of appropriate charges.

Accordingly, we reverse, without prejudice.