DEANNA MOFFETT, APPELLANT, v. THE STATE
OF NEVADA, RESPONDENT.

No. 12039

November 7, 1980                                     618 P.2d 1223

---

[1]The Governor designated the Honorable Llewellyn A. Young, Judge of the Sixth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice.

*Reid & Alverson,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland* and *David P. Schwartz,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Although appellant makes several assignments of error, we recognize only one as meriting discussion, namely, whether there is sufficient evidence to support the attempted murder conviction.

In the early morning hours of August 29, 1978, the victim, Linda Exner, was asleep alone in her apartment. She was awakened by appellant, Deanna Moffett, who had begun to tie her up. Deanna was accompanied by Bobby McPherson, age 14, who held a knife to the throat of the victim. Appellant then threatened Linda and untied her hands to enable Linda to write in her own handwriting, her "suicide note" appellant had written earlier. The note provided:

> Dear Ed, you might think I'm happy seeing you like this, but I'm not. I know that I will never really have you and I can't bear that. You're always looking at other girls when I'm with you, and when you don't spend the night with me, I know you are making love to someone else so I'm ending it. I Love you, Linda.

Thereafter, Moffett instructed the victim to write the above

message and told her that afterwards she would give her some pills to make her sleep for 48 hours.

The victim wrote approximately one line of the letter before she escaped following a struggle. The appellant and her accomplice then fled and returned to the residence of Ed McPherson where they were apprehended. Upon their arrival at Linda's apartment, the police found the following incriminating evidence: a bottle of wine, a switchblade knife, a flashlight, a bottle of pills, another knife, a short length of hemp rope, and the note.

Dr. Green, a board certified pathologist and toxicologist, testified that the pills found at the victim's apartment were sleeping pills. He stated that a high dosage was dangerous and would be fatal absent immediate and adequate medical intervention. He further testified that if alcohol was ingested in conjunction with the pills, the effect would be even more extreme.

Found guilty of both attempted murder and burglary, felonies, appellant appeals.

To prove an attempt to commit a crime, the prosecution must establish (1) the intent to commit the crime; (2) performance of some act towards its commission; and (3) failure to consummate its commission. Johnson v. Sheriff, 91 Nev. 161, 163, 532 P.2d 1037, 1038 (1975), citing State v. Thompson, 31 Nev. 209, 216, 101 P. 557, 559 (1909). Appellant alleges that there was insufficient evidence presented to establish the performance of some act, beyond mere preparation, toward the commission of murder. We disagree.

The preparation for a crime consists in "devising or arranging the means or measures necessary for the commission of the offense; the attempt is the direct movement towards the commission after the preparations are made." State v. Lung, 21 Nev. 209, 214, 28 P. 235, 236–37 (1891) (overruled in part as to impossibility of means utilized, Darnell v. State, 92 Nev. 680, 588 P.2d 624 (1976)). In interpreting NRS 208.070,[1] we stated in Darnell v. State, 92 Nev. at 682, 588 P.2d at 625, that a "direct but ineffectual act toward the commission of the crime" is the required *actus reus* for an attempted crime. The act need not be, as appellant herein asserts, actual commencement of the potentially death producing action. *See* State v. Verganadis, 50 Nev. 1, 3, 248 P. 900 (1926).

[1]NRS 208.070 provides in part: "An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime . . . ."

Here, appellant's own testimony showed, *inter alia,* that she obtained the keys to the victim's apartment without the victim's or Ed McPherson's knowledge or consent; that she made a list of the instruments she was taking to Linda's apartment; and the night before she went to Linda's apartment she wrote the note she wanted Linda to write to Ed. After entering Linda's apartment, the appellant tied the victim's hands, woke the victim up, and started to dictate to the victim the note that appellant had previously written. Appellant further testified that she had planned the incident about two days in advance of her going to the victim's apartment. She acquired the necessary materials prior to entering the victim's apartment, then pursuant to her plan, entered the victim's apartment and exercised sufficient control over the victim to begin to effectuate her plan. Had it not been for Linda's fortuitous escape, appellant would have effectuated her purpose.

We will "not destroy the practical and common sense administration of the law with subtleties as to what constitutes preparation and [acts] done toward the commission of a crime." Adams v. State, 81 Nev. 524, 527–28, 407 P.2d 169, 171 (1965). Appellant clearly took sufficient steps beyond mere preparation, to support the attempted murder conviction.

Other assignments of error are either not supported by persuasive authority or are without merit and we need not consider them. Jacobs v. State, 91 Nev. 155, 532 P.2d 1034 (1975).

Accordingly, we affirm both judgments of conviction.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., and McKIBBEN, D. J.,[2] concur.