**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel Larry JACKSON,**
**Defendant–Appellant.**

No. 91–50608.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 2, 1993.

Decided Feb. 18, 1993.

Elaine Morinelli, Oakland, CA, for defendant-appellant.

John Byrne, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before BEEZER, BRUNETTI and THOMPSON, Circuit Judges.

PER CURIAM:

Manuel Larry Jackson appeals his 210–month sentence imposed following his jury conviction for armed bank robbery in violation of 18 U.S.C. § 2113(a) (1988). Jackson contends the district court erred by enhancing his sentence under the career offender provision of United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 (1990) because a prior California conviction for attempted first-degree burglary was not a "crime of violence" under U.S.S.G. §§ 4B1.1 and 4B1.2 (1990). The attempted burglary conviction resulted from Jackson attempting to enter a residence through a window and then fleeing over a fence.

Jackson also contends that the district court erred in not departing downward from the guideline range. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## CAREER OFFENDER

■ The district court's determination that Jackson is a career offender is an interpretation of the guidelines, and is reviewed de novo. *United States v. Becker,* 919 F.2d 568, 570 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1118, 113 L.Ed.2d 226 (1991).

■ Jackson argues that his conviction for attempted first-degree burglary did not involve the threat of physical force against another, and therefore this conviction does not constitute a "crime of violence" for purposes of section 4B1.2 and it cannot be used as a predicate offense to trigger section 4B1.1. We disagree.

Jackson's argument is contrary to our holding in *United States v. Sherman,* 928 F.2d 324, 326 (9th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 133, 116 L.Ed.2d 100 (1991). There we held that under this circuit's "categorical approach," we look only to the statutory definition of the crime, and not to the specific conduct involved in a prior conviction. *Id.*

■ Jackson also argues that because his conviction was for an *attempt* to commit burglary, not for burglary itself, it should not be counted as a predicate offense for career offender status under section 4B1.1. Again, we disagree.

In *United States v. Morrison,* 972 F.2d 269 (9th Cir.1992), we rejected the argument that because the appellant acted as a "lookout" and did not personally handle

explosives, his conviction for "aiding and abetting" malicious destruction by explosives did not constitute a "crime of violence" for purposes of career offender enhancement. *Id.* at 270. We held that this argument was foreclosed by the language of section 4B1.2, comment. (n.1), which provides that the term "crime of violence" "include(s) the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* at 271. *See* U.S.S.G. § 1B1.7 (commentary accompanying a guideline may interpret the guideline or explain how it is to be applied; failure to follow such commentary could constitute an incorrect application of the guidelines); *United States v. Anderson,* 942 F.2d 606, 609–614 (9th Cir.1991) (courts should always consider the commentary, and construe the guideline and its commentary to be consistent with one another and the relevant part as a whole, if possible).

For the foregoing reasons, we hold that Jackson's attempted first-degree burglary conviction is a "crime of violence" under section 4B1.2(1)(ii), and qualifies as a predicate offense for establishing career offender status under section 4B1.1.[1]

## DOWNWARD DEPARTURE

Jackson next contends it was error for the district court not to depart downward from the guideline range. Jackson argues he is entitled to a downward departure because (1) his criminal history category of VI significantly over-represents the seriousness of his criminal history; (2) he is a drug addict; and (3) the underlying facts of his attempted burglary conviction warrant departure.

■ We lack jurisdiction to review a district court's discretionary decision not to depart downward from the Sentencing Guidelines. *United States v. Garcia–Garcia,* 927 F.2d 489, 490 (9th Cir.1991) (per curiam) (appeal dismissed for lack of jurisdiction to review decision not to depart downward); *United States v. Morales,* 898 F.2d 99, 103 n. 2 (9th Cir.1990) (same).

■ Jackson contends the district court's decision not to depart downward was not an exercise of discretion. Rather, he contends the district court erroneously believed it lacked authority to depart downward, an error of law reviewable on appeal. *Morales,* 898 F.2d at 103 n. 2.; *United States v. Cook,* 938 F.2d 149, 152 (9th Cir. 1991).

■ We reject Jackson's interpretation of the district court's action. There is no indication in the record that the district court believed it lacked authority to depart downward. When it is not otherwise in dispute, a district court's silence regarding authority to depart is not sufficient to indicate that the court believed it lacked the power to depart. *Garcia–Garcia,* 927 F.2d at 491. The court's statement at sentencing that it lacked authority to disregard attempted first-degree burglary as a qualifying offense in the face of the plain language of section 4B1.2 does not support Jackson's contention that the court believed it lacked authority to depart downward and impose a sentence outside the guidelines.

AFFIRMED.

---

1. When Congress enacted the Sentencing Reform Act of 1984 (Title II of the Comprehensive Crime Control Act of 1984), it did not include attempted burglary of a residence as a crime of violence within the list of crimes of violence specified in 18 U.S.C. § 924(e). The Third Circuit in *United States v. Parson,* 955 F.2d 858 (3d Cir.1992), held that in adopting the guidelines, the Sentencing Commission had authority to expand the definition of crimes of violence to include "first degree reckless endangering," a felony under Delaware law.

The appellant in the present case has not raised the issue whether the Sentencing Commission had authority to expand Congress's statutory definition of crimes of violence listed in 18 U.S.C. § 924(e) to include attempted burglary of a residence. Accordingly, we do not decide that question.