99 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hyung Su LEE and Gun Ho Kim, Defendants-Appellants.
 Nos. 95-50585, 95-50588.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1996.*
Decided Oct. 16, 1996.
 
 Before: O'SCANNLAIN, T.G. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendants Hyung Su Lee and Gun Ho Kim appeal the sentences imposed by the district court on resentencing. We affirm.
 
 A. Lee, No. 95-50588
 1. Downward Departure
 
 3
 We reject Lee's argument that the district court failed to exercise its authority and grant a downward departure based on aberrant behavior, family circumstances and/or sentencing entrapment.
 
 
 4
 At resentencing, Lee argued that he was entitled to a downward departure based upon aberrant behavior, by itself and in combination with unusual family circumstances and sentencing entrapment. The district court listened to these arguments and then imposed the sentence. The court specifically stated that it fully considered and rejected each of the grounds of departure raised by Lee. This is more than sufficient evidence that the district court knew it had authority to depart downward but concluded that it was not appropriate to do so on the facts of the case before it. See United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991); United States v. Jackson, 986 F.2d 312, 314 (9th Cir.1993). The district court's discretionary refusal to depart from the sentencing guidelines is therefore not reviewable on appeal. See United States v. Eaton, 31 F.3d 789, 792 (9th Cir.1994).
 
 2. U.S.S.G. § 2D1.1, comment. (n. 14)
 
 5
 We also reject Lee's argument that the district court erred by failing to depart downward based on U.S.S.G. § 2D1.1, comment. (n. 14).
 
 
 6
 Lee never requested a departure based on § 2D1.1, comment. (n. 14). Although defendant Kim made a motion for a downward departure based on § 2D1.1, Lee did not join in that motion or raise the issue at the sentencing hearing. Lee has not argued that any special circumstances exist which warrant consideration of this issue raised for the first time on appeal; therefore, the issue is waived. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 506 U.S. 890 (1992).
 
 
 7
 Furthermore, Lee does not qualify for departure based on § 2D1.1, comment. (n. 14). Lee met with undercover agents and negotiated terms of the proposed sale. He therefore had "decision making authority" and does not qualify for a downward departure under this provision.
 
 3. Object of Transaction
 
 8
 Finally, we reject Lee's argument that there was no evidence to support the district court's finding that the object of the transaction was "ice" methamphetamine.
 
 
 9
 The confidential informant testified that he and Lee met and specifically mentioned the term "ice." Furthermore, the evidence that "ice" sold for approximately $50,000 per kilogram, combined with Lee's insistence that he originally only intended to purchase one kilogram of drugs strongly suggest that he intended to purchase "ice." This circumstantial evidence is sufficient to support the district court's finding that Lee attempted to purchase "ice" methamphetamine. See United States v. Dudden, 65 F.3d 1461, 1471 (9th Cir.1995).
 
 B. Kim, No. 95-50585
 
 10
 We reject Kim's argument that the district court erred in refusing to grant him a downward departure based on minor participation in the offense.
 
 
 11
 Kim arrived at the Olympic restaurant carrying approximately $55,000. He then spoke to Lee in Korean and told him that he only had $55,000. Lee then negotiated a new arrangement with the agents, in Kim's presence, to purchase one kilogram and receive four on credit. Kim then told the confidential informant that if everything went well, he wanted to conduct future transactions where he would be the only customer of the supplier. Kim accompanied Lee and the agents to the motel where the exchange was to take place. In his post-arrest statement, Kim stated:
 
 
 12
 [The confidential informant] said he knows a Chinese person who is willing to sell five (5) for one hundred thousand dollars. I received one hundred ten thousand dollars from a female name EUN Joo through KIM Tae Huen in Hawaii. I came to L.A. with fifty-five thousand dollars to do the deal. If I had received ICE today, I was going to send it in a Delta plane flight. Yoon Young NAM and I was planning to go back to Hawaii. Young NAM was to retrieve the merchandise. I was going to divide that into three and one was for John, one was for the female named EUN Joo and YOON In Soo.
 
 
 13
 The district court refused to depart downward based on minor participation, stating that "I just don't believe that the $50,000 that was carried to the meeting, even though it came in an hour late speaks to any minimal nature of involvement." The district court's findings, based on the evidence before it, were not clearly erroneous. Therefore, we affirm the district court's finding that Kim was not a minor participant in the offense. See United States v. Pinkney, 15 F.3d 825, 827 (9th Cir.1994).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3