107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clifford C. STAGGS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
David P. KOVARI, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Freddy MORALES-BUSTAMANTE, Defendant-Appellant.
 Nos. 96-10067, 96-10115 and 96-10116.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 16, 1997.
Decided Jan. 30, 1997.
 
 Before: LAY*, GOODWIN, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clifford C. Staggs, David P. Kovari, and Freddy Morales-Bustamante were all convicted of crimes arising out of the same drug transaction. All pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a). Staggs and Kovari also pled guilty to using or carrying a firearm in violation of 18 U.S.C. § 924(c)(1). All appeal either their convictions or sentences.
 
 
 3
 Staggs contends that the district court erred when it refused to depart downward from the statutory minimum sentence contained in 18 U.S.C. § 924(c)(1) despite the government's motion to depart downward under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. He contends the district court believed it lacked discretion to grant such departure. The record reflects, however, that the district court never determined that it lacked discretion. Rather, at the plea colloquy it simply stated that it was taking the question of its discretion under advisement. Later, at sentencing, the court refused the departure without comment, and Staggs did not object. Where, as here, the sentencing court's authority to depart is not in dispute and the court is silent regarding that authority, this court "will assume that the district court knows and applies the law correctly, realizes that it does have authority to depart, but concludes that it would be inappropriate to do so on the facts of the particular case." United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991); accord United States v. Jackson, 986 F.2d 312, 314 (9th Cir.1993). Because the district court is presumed to have known it had discretion to depart and to have exercised its discretion, its decision not to depart is not reviewable. Jackson, 986 F.2d at 314; Garcia-Garcia, 927 F.2d at 491.
 
 
 4
 Kovari contends that in light of Bailey v. United States, 116 S.Ct. 501 (1995), his guilty plea was not supported by an adequate factual basis. Kovari was sentenced after Bailey was decided, however, and did not raise any question at sentencing concerning the effect of Bailey on the validity of his plea, despite having discussed the Bailey decision both with his counsel and, through counsel, with the prosecution. Because Kovari could have moved to withdraw his plea before sentencing and chose not to do so, he cannot contest the issue on appeal. See United States v. Robertson, 52 F.3d 789, 791 (9th Cir.1994) (issues not presented to the district court cannot be raised for the first time on appeal).
 
 
 5
 Morales-Bustamante seeks to challenge his sentence enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1) on the theory that it was precluded by Bailey. He also contends he was entitled to an additional one-level adjustment under § 3E1.1(b) for timely pleading guilty. As part of his plea agreement, however, he explicitly waived any appeal of his sentence as long as it was within the terms of the plea agreement. Waivers of appeal are enforceable if they are made knowingly and voluntarily. United States v. Navarro-Botello, 912 F.2d 318, 321-22 (9th Cir.1990). Morales-Bustamante alleges neither that his plea was involuntary nor that he was sentenced outside the terms of the agreement. His appeal waiver is valid and the sentence must be affirmed.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3