**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Armando CORONA–CORONA, aka,
Abelino Torres–Magana, Elias Torres–Magana, Defendant–Appellant.**

No. 01–30026.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2002.*

Decided April 16, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BROWNING, KLEINFELD,
and GOULD, Circuit Judges.

MEMORANDUM **

Armando Corona–Corona appeals from his guilty-plea conviction and 46–month sentence imposed for being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326. Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Corona–Corona's counsel has filed a brief stating that there are no arguable issues for review, and a motion to withdraw as counsel of record.

Counsel has identified and correctly rejected as a potential issue for appeal whether the district court erred by including a two-point upward adjustment pursuant to U.S.S.G. § 4A1.1(d). As conceded by counsel, any error was harmless since it would have had no affect on Corona–Corona's guidelines range. *See Williams v. United States,* 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992) (stating that a remand is not necessary if "the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not effect the district court's selection of the sentence imposed.").

Corona–Corona has filed a pro se supplemental brief raising four issues. First, Corona–Corona contends that the district court sentenced him in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument is foreclosed by *United States v.*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Pacheco–Zepeda,* 234 F.3d 411, 415 (9th Cir.), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001). Second, Corona–Corona contends the district court believed it lacked discretion to grant a downward departure pursuant to U.S.S.G. § 5K2.0 based on cultural assimilation. We lack jurisdiction to review the district court's discretionary refusal to depart downward. *See United States v. Garcia–Garcia,* 927 F.2d 489, 490–91 (9th Cir.1991) (per curiam); *see also United States v. Berger,* 103 F.3d 67, 70 (9th Cir.1996) (stating that a decision to deny downward departure will be considered discretionary unless the district court indicates that its refusal to depart rests on its belief that it could not do so as a matter of law); *United States v. Jackson,* 986 F.2d 312, 314 (9th Cir.1993) (per curiam) (stating that when the authority of the court to depart is not in dispute, the appellate court presumes the district court was aware of its discretion to take such action). Third, Corona–Corona asserts that the error pursuant to U.S.S.G. § 4A1.1(d), raised and rejected by counsel, is not harmless. As previously discussed, any error was harmless since it would have had no effect on Corona–Corona's guidelines range. *See Williams,* 503 U.S. at 203. Finally, Corona–Corona contends the government failed to prove that Corona–Corona was "found in" the United States as opposed to just merely being present. The indictment alleges and Corona–Corona admitted at his change of plea hearing that the government found him in Yakima County, Washington; accordingly, this argument fails.

Having conducted an independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 83–84, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we conclude that there are no arguable appellate issues on direct appeal.

Counsel's motion to withdraw is GRANTED, and the district court's judgment is AFFIRMED.