UNITED STATES of America, Plaintiff—Appellee,

v.

Pilar Adrian LECHUGA–ROMERO, Defendant—Appellant.

No. 01–10598.

D.C. No. CR–00–00391–LDG.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002 *.

Decided Aug. 15, 2002.

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM **

Pilar Adrian Lechuga–Romero appeals his forty-six month sentence imposed following a guilty plea to illegal re-entry into the United States, in violation of 8 U.S.C. § 1326. We dismiss in part, and remand in part.

Lechuga contends that the district court erroneously determined that, by arguing for a downward departure from the Sentencing Guidelines based upon cultural assimilation, Lechuga failed to invoke a cognizable departure provision. This argument lacks merit.

The district court entertained arguments from the parties regarding the de-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

parture motion; its comment that Lechuga failed to provide the court with a citation to any specific departure provision is insufficient to support Lechuga's contention that the district court failed to recognize cultural assimilation as a valid basis for departure under the Sentencing Guidelines.

To the extent that Lechuga also argues that the district court erroneously determined that it lacked discretion to depart downward from the Sentencing Guidelines based upon cultural assimilation, that argument is also belied by the record.

The government did not challenge the district court's authority to depart on the basis of cultural assimilation, and the district court did not state a belief that it lacked discretion to do so. Accordingly, we cannot conclude that the district court determined that it lacked authority to depart downward on this basis. *See United States v. Jackson,* 986 F.2d 312, 314 (9th Cir.1993) (per curiam) (holding that when authority to depart is not otherwise in dispute, a district court's silence regarding authority to depart is not sufficient to indicate that the court believed it lacked such authority). Because we lack jurisdiction to review a district court's discretionary decision not to depart downward from the applicable Sentencing Guideline, *see United States v. Rivera,* 996 F.2d 993, 997 (9th Cir.1993), we dismiss the appeal as to this claim.

Finally, Lechuga correctly argues, and the government concedes, that the district court judgement references both 8 U.S.C. §§ 1326(a) and (b) as the crime of conviction. So that the judgement will unambiguously reflect that Lechuga was convicted only of one punishable offense pursuant to section 1326(a), we remand to the district court with directions to correct the judgement of conviction by striking the reference to section 1326(b). *See* 28 U.S.C. § 2106; *see also United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000).

DISMISSED IN PART; REMANDED WITH INSTRUCTIONS.