Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

Argued October 9, 2003        Decided December 12, 2003

No. 03–3009

UNITED STATES OF AMERICA,
APPELLEE

v.

NORMAN WILLIAMS,
APPELLANT

————

Appeal from the United States District Court
for the District of Columbia
(02cr00113–01)

————

*Nicholas H. Cobbs*, appointed by the court, argued the cause and filed the briefs for appellant.

*Chrisellen R. Kolb*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Roscoe C. Howard, Jr.*, U.S. Attorney, and *John R. Fisher*, *Roy W. McLeese, III*, and *Alyse Graham*, Assistant U.S. Attorneys.

Before: SENTELLE, RANDOLPH, and ROGERS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge*: Pursuant to an agreement with the government, Norman Williams pled guilty to the charge

————

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). The district court identified U.S.S.G. § 2K2.1(a)(2) as the relevant Guideline for determining Williams' base offense level. The court placed this at 24 because Williams had two prior felony convictions in the District of Columbia for — in the words of § 2K2.1(a)(2) — a "crime of violence." One of the convictions was for burglary, the other for attempted burglary. The issue presented on appeal is whether Williams' sentence of 86 months' imprisonment should be set aside on the ground that attempted burglary is not a "crime of violence" within the meaning of § 2K2.1(a)(2) — or more accurately, whether the district court committed plain error in finding that it was.

Williams claims that plain error is the wrong standard in light of the presentence report. He believes the report reflects a sufficient objection to using the attempted burglary conviction to increase his base offense level. The presentence report is under seal, as are the portions of the briefs discussing its contents. We therefore cannot give details about what the presentence report contains. It is enough to point out that under Rule 51(b) of the Federal Rules of Criminal Procedure, "a party may preserve a claim of error by informing the court — when the court ruling or order is made or sought — of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." The relevant time for objection is thus at the time of the court's sentencing decision, not at the presentence stage when the probation office is conducting its investigation and preparing the report. At sentencing, Williams' counsel stated that he had no corrections to offer regarding the facts recited in the report (other than a typographical error), and neither he nor the prosecutor voiced any objection to the court's setting of the base offense level (other than on a matter not relevant here). Plain error is therefore the correct standard of review. *See* FED. R. CRIM. P. 52(b); *United States v. Washington*, 115 F.3d 1008, 1010 (D.C. Cir. 1997).

According to Application Note 5 to § 2K2.1 of the Guidelines, "crime of violence" is defined by U.S.S.G. § 4B1.2(a)

and its Application Note 1. Section 4B1.2 specifies that a crime punishable by more than one year's imprisonment qualifies as a "crime of violence" if one of two conditions is met. The crime must have (1) "as an element the use, attempted use, or threatened use of physical force against the person of another," or (2) the crime is "burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(1) & (2). Application Note 1 states that "crimes of violence" include "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."

On the face of it, attempted burglary thus falls within the definition of "crime of violence": burglary is such a crime and, Application Note 1 tells us, attempts to commit a crime of violence are also such crimes. Such commentary is "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of," the guideline it interprets. *Stinson v. United States*, 508 U.S. 36, 38 (1993).

All of this is fairly straightforward. Williams' counterargument is more involved: § 4B1.2(a)(1) specifically includes crimes having as an element the "attempted use" of physical force; § 4B1.2(a)(2) identifies certain offenses as "crimes of violence" but does not mention attempts to commit those crimes; therefore, the drafters did not intend to include attempts to commit the listed crimes as "crimes of violence"; it follows that Application Note 1 is inconsistent with § 4B1.2(a). Williams adds that some courts of appeals, interpreting "crimes of violence" as used in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) — which has language identical to § 4B1.2(a) — have ruled that attempted burglary is not such a crime. *United States v. Weekley*, 24 F.3d 1125, 1127 (9th Cir. 1994); *United States v. Martinez*, 954 F.2d 1050, 1053–54 (5th Cir. 1992); *United States v. Strahl*, 958 F.2d 980, 986 (10th Cir. 1992). Other courts of appeals interpreting this statute have decided that attempted burglary is covered. *United States v. Bureau*, 52 F.3d 584, 591 (6th Cir. 1995); *United States v. Andrello*, 9 F.3d 247,

249–50 (2d Cir. 1993) (per curiam); *United States v. O'Brien*, 972 F.2d 47, 51 (3d Cir. 1992).

Whatever one might say about the merits of Williams' argument, it certainly does not leap from the text of the Guideline and the commentary. We could hardly expect the district court to come up with it *sua sponte*. Still less could we expect the court to hold that the commentary conflicted with the Guideline when a moment's research would have shown that four other courts of appeals have upheld Application Note 1's reading of § 4B1.2 that attempted burglary is a "crime of violence." *See United States v. Claiborne*, 132 F.3d 253, 256 (5th Cir. 1998); *United States v. Sandles*, 80 F.3d 1145, 1150 (7th Cir. 1996); *United States v. Carpenter*, 11 F.3d 788, 791 (8th Cir. 1993); *United States v. Jackson*, 986 F.2d 312, 313 (9th Cir. 1993). If what occurred here was an error, a subject on which we express no view, it was far from an obvious one, and thus was not "plain" under FED. R. CRIM. P. 52(b). *See United States v. Olano*, 507 U.S. 725, 734 (1993).

*Affirmed.*