**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Maquel SARBIA, aka Jesus Vizcarra,**
**Defendant–Appellant.**

**No. 03–10276.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2004.

Filed March 22, 2004.

Amended May 14, 2004.

---

Thomas S. Dougherty, Assistant United States Attorney, Las Vegas, Nevada, for the plaintiff-appellee.

Jason F. Carr, Assistant Federal Public Defender, Las Vegas, Nevada, for the defendant-appellant.

Before: HUG, ALARCÓN, and W. FLETCHER, Circuit Judges.

ORDER AMENDING OPINION AND DENYING PETITION FOR RE-HEARING AND PETITION FOR REHEARING EN BANC AND AMENDED OPINION

ALARCÓN, Circuit Judge.

### ORDER

This court's opinion, filed March 22, 2004, is amended as follows:

The two paragraphs on slip op. 3523 that read:

Furthermore, we have previously held that in interpreting the Sentencing Guidelines, we are not bound by the common law. *See United States v. Becker*, 919 F.2d 568, 572 (9th Cir. 1990) (rejecting the defendant's contention that because California's definition of burglary diverged from the commonlaw definition of burglary, his California state conviction for first-degree burglary was not a "crime of violence" for purposes of section 4B1.2). Rather, "[w]hen interpreting the Sentencing Guidelines ... terms are to be given their plain meaning." *United States v. Charlesworth*, 217 F.3d 1155, 1159(9th Cir.2000).

In *United States v. Jackson*, we held that attempted first-degree burglary under California law is a "crime of violence" for purposes of section 4B1.2. 986 F.2d at 314. California law defines attempt as follows: "An attempt to commit a crime consists of two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission." Cal.Penal Code § 21a. This definition closely parallels Nevada's formulation of the rule. This similarity is not surprising given that Nevada courts often look to California law in interpreting their own statutes. *E.g., United States Fid. & Guar. Co. v. Peterson*, 91 Nev. 617, 540 P.2d 1070, 1071(1975) (looking to California law in determining that an implied covenant of good faith and fair dealing exists in insurance dealings); *Ex parte Skaug*, 63 Nev. 101, 164 P.2d 743, 750 (1945) (relying on California law in interpreting its first-degree murder statute). We are persuaded that the use of "attempt" in the commentary to section 4B1.2 encompasses Mr. Sarbia's 1994 Nevada state conviction for attempting to discharge a firearm at an occupied structure.

are deleted.

The following two paragraphs shall be inserted on slip op. 3523 and substituted for the deleted text.

It is true that Nevada has formulated the elements of attempt using slightly different language from that of the common law. Nevada requires proof that the defendant has performed "some act" rather than a "substantive step" towards the commission of the crime. *Moffett*, 618 P.2d at 1224. The Nevada Supreme Court has held that a conviction for attempt will be affirmed if the evidence shows that the defendant has performed a "slight act," so long as his or her intent to commit the crime is clear. *Van Bell*, 775 P.2d at 1275. However, after reviewing numerous Nevada Supreme Court opinions on the subject, we are persuaded that the terms "some act" or "slight act," as used in the Nevada caselaw, have the same operational meaning as "substantial step," as used in the traditional common-law definition of attempt. *Compare especially Johnson v. Sheriff, Clark County*, 91 Nev. 161, 532 P.2d 1037 (1975) (reversing conviction for attempted murder where defendant had several meetings with a hired assassin and made a plan for the murder and disposal of the body), *with Stephens v. Sheriff, Clark County*, 93 Nev. 338, 565 P.2d 1007 (1977) (affirming conviction for attempted murder where, in addition to making a plan with a hired assassin, defendant executed the first part of the plan by bringing the intended victim to the place where he was to be killed).

In short, Nevada's definition of attempt is coextensive with the federal definition. We are persuaded that the use of "attempt" in the commentary to section

4B1.2 encompasses Mr. Sarbia's 1994 Nevada state conviction for attempting to discharge a firearm at an occupied structure.

With these amendments, the panel has voted to deny the petition for rehearing. Judge W. Fletcher has voted to deny the petition for rehearing en banc. Judges Hug and Alarcón so recommend.

The full court has been advised of the petition for rehearing en banc. No judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for rehearing and the petition for rehearing en banc are DENIED.

## OPINION

Maquel Sarbia appeals from the sixty-three-month sentence imposed in this matter following his conviction for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The district court adjusted Mr. Sarbia's sentence upward pursuant to section 2K2.1(a)(4)(A) of the United States Sentencing Guidelines Manual ("USSG"). Mr. Sarbia claims that the district court erred in determining that his prior 1994 Nevada state court conviction of attempting to discharge a firearm at an occupied structure was a "crime of violence" as defined by section 4B1.2 of the USSG. We affirm because the Sentencing Guidelines and our prior precedent treat attempted commission and commission of an offense the same.

## I

On April 13, 1994, Maquel Sarbia pled guilty in Nevada state court to a felony count of "Attempt[ed] Illegal Discharge of a Firearm with the Intent to Promote, Further or Assist a Criminal Gang" in violation of Nevada Revised Statutes §§ 202.285, 193.168, 193.169, 193.330.

On October 9, 2002, federal prosecutors filed an indictment in the United States District Court for the District of Nevada against Mr. Sarbia alleging that he was a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1] Mr. Sarbia went to trial on this charge on February 5, 2003. A jury found Mr. Sarbia guilty as charged.

At Mr. Sarbia's sentencing hearing the district court enhanced Mr. Sarbia's base offensive level from fourteen to twenty pursuant to section 2K2.1(a)(4)(A).[2] The district court determined that Mr. Sarbia's 1994 state court conviction for attempted discharge of a firearm fits within the definition of "crime of violence" in section 4B1.2. Section 4B1.2 defines "crime of violence" for purposes of section 2K2.1. The district court based its decision to enhance Mr. Sarbia's sentence on the commentary to section 4B1.2 and *United States v. Riley*, 183 F.3d 1155 (9th Cir.1999). During the sentencing hearing, the district court quoted from the following language in *Riley:*

> [T]he Commentary to section 4B1.2, which we must consider, provides that the term crime of violence "include(s) the offense of aiding, abetting, conspir-

---

**1.** Section 922(g)(1) states in pertinent part:
It shall be unlawful for any person—
(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
to ... possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**2.** Section 2K2.1(a)(4) sets the base offense level score with regard to a conviction for unlawful possession of a firearm at: "**20**, if— (A) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense."

ing, and *attempting* to commit such offenses." Moreover, we have generally found attempts to commit crimes of violence, enumerated or not, to be themselves crimes of violence.

183 F.3d at 1160(quoting U.S. Sentencing Guidelines Manual § 4B1.2, cmt. n. 1) (alteration in original).

The district court sentenced Mr. Sarbia to sixty-three-months imprisonment based on a total offensive level of twenty and a criminal history category of IV. We have jurisdiction over this timely appeal pursuant to 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291.

## II

▆▆▆ Mr. Sarbia contends that the district court erred in determining that his prior 1994 state court conviction for attempted discharge of a firearm was a "crime of violence," as that term is used in section 4B1.2. We review de novo a district court's interpretation of the Sentencing Guidelines. *United States v. Jones*, 231 F.3d 508, 519 (9th Cir.2000); *United States v. Garcia*, 135 F.3d 667, 669 (9th Cir.1998). The district court's application of the Sentencing Guidelines to the facts of a case is reviewed for abuse of discretion. *Garcia*, 135 F.3d at 669.

The commentary to section 2K2.1 states that for purposes of that section, " '[c]rime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." U.S. Sentencing Guidelines Manual § 2K2.1, cmt. n. 5. Section 4B1.2 defines a "crime of violence" as

[a]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or*

*otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S. Sentencing Guidelines Manual § 4B1.2(a)(emphasis added).

To determine whether a conviction is a crime of violence, the court considers whether "the conduct set forth (*i.e.*, expressly charged) in the count of which the defendant was convicted ... by its nature, presented a serious potential risk of physical injury to another." U.S. Sentencing Guidelines Manual § 4B1.2, cmt. n. 1. Under our precedents, we must apply a categorical approach to this question. That is, "we first 'generally look to the statutory definition of the crime, rather than to the defendant's specific conduct.' " *United States v. Sandoval–Venegas*, 292 F.3d 1101, 1106(9th Cir.2002) (quoting *United States v. Casarez–Bravo*, 181 F.3d 1074, 1077 n. 1 (9th Cir.1999)). In applying the categorical approach "we may also 'examine documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes.' " *Id.* at 1106 (quoting *Casarez–Bravo*, 181 F.3d at 1077).

We have previously held that discharging a firearm at an inhabited building qualifies as a crime of violence under section 4B1.2. In *United States v. Weinert*, 1 F.3d 889(9th Cir.1993) (per curiam), we held that a prior California state conviction for shooting at an inhabited building qualified as a "crime of violence" for purposes of the Sentencing Guidelines because it "present[ed] a risk to neighboring residents, bystanders and law enforcement authorities who may respond." *Id.* at 891. Further, in *United States v. Terry–Crespo*, 356 F.3d 1170 (9th Cir.2004), we held that a prior felony state court conviction for "[s]hooting a firearm in the direction of a building," in an urban area, whether occupied or not, constituted a "crime of vio-

lence" as defined in section 4B1.2. *Id.* at 1178.

Mr. Sarbia concedes that the crime of "illegal discharge of a firearm" qualifies as a crime of violence under section 4B1.2. Mr. Sarbia asserts, however, that "[t]he attempt aspect of the conviction negates the risk of potential injury." Brief for Appellant at 10.

■ Attempt crimes are included within the definition of "crime of violence" under section 4B1.2. The commentary to section 4B1.2 states, "For purposes of this guideline ... '[c]rime of violence' ... include[s] the offenses of aiding and abetting, conspiring, and *attempting* to commit such offenses." U.S. Sentencing Guidelines Manual § 4B1.2, cmt. n. 1 (emphasis added). "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993); *see also United States v. Hernandez–Sandoval*, 211 F.3d 1115, 1117 n. 3 (9th Cir.2000) ("[A]pplication notes are binding on the courts in their construction of the Sentencing Guidelines."). Sarbia does not contend that the commentary to section 4B1.2 violates the Constitution or federal law, or that it is inconsistent with section 4B1.2. Accordingly, it is authoritative.

In *United States v. Jackson*, 986 F.2d 312 (9th Cir.1993) (per curiam), we held that a prior conviction for attempted bur-glary qualified as a "crime of violence" under section 4B1.2. *Id.* at 314. We concluded in *Jackson* that the appellant's argument that the career offender enhancement did not apply to his prior conviction for attempted first-degree burglary "was foreclosed by the language of section 4B1.2, comment. (n.1), which provides that the term 'crime of violence' 'include(s) the offenses of aiding and abetting, conspiring, and attempting to commit such offenses.' " *Id.* (alteration in original) (quoting U.S. Sentencing Guidelines Manual § 4B1.2, cmt. n. 1). In *United States v. Riley*, we held that a conviction for an attempt to commit simple rape was a "crime of violence." 183 F.3d at 1160–61. In addressing the question of whether the distinction between the commission and the attempted commission of an offense had any impact on the question of whether section 4B1.2 applied, we reasoned that the fact that the defendant had been convicted of attempted simple rape rather than simple rape "is of no import" under the commentary to section 4B1.2. *Id.* at 1160;[3] *see also United States v. Morrison*, 972 F.2d 269, 270–71(9th Cir.1992) (per curiam) (holding that a defendant's prior conviction for aiding and abetting in the malicious destruction of a truck was a "crime of violence" based upon the commentary to section 4B1.2).

Other circuits have held similarly. *E.g., United States v. Williams*, 350 F.3d 128, 129 (D.C.Cir.2003) ("[A]ttempts to commit a crime of violence are also such crimes."); *United States v. Claiborne*, 132 F.3d 253,

---

**3.** Mr. Sarbia contends that *Riley's* discussion of attempt crimes is dicta because the defendant in *Riley* never raised that issue and the comments made by the court regarding attempt crimes did not go to the heart of the case. Dictum is "a statement 'made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential.' " *Best Life Assur. Co. v. Comm'r of Internal Revenue,*

*281 F.3d 828, 834 (9th Cir.2002) (quoting Black's Law Dictionary 1100 (7th ed.1999)). Contrary to Mr. Sarbia's contention, Riley's discussion of an attempt to commit a crime and the commission of an offense was necessary to the court's disposition of the case. In Riley, the defendant's state court conviction was for attempted simple rape, not simple rape.

256 (5th Cir.1998) ("For purposes of the Guidelines' career offender provisions, the defendant's conviction for an attempted crime is treated as though he completed the act."); *United States v. Carpenter,* 11 F.3d 788, 791 (8th Cir.1993) ("We hold that under the Guidelines an attempt is the same as the commission of the substantive offense.").

Mr. Sarbia argues that *Riley* is inconsistent with prior Ninth Circuit precedent, namely *United States v. Weekley,* 24 F.3d 1125 (9th Cir.1994), and *United States v. Sparks,* 87 F.3d 276 (9th Cir.1996). In *Weekley* and *Sparks,* we held that a prior conviction for an attempted burglary and a prior conviction for an attempted home invasion were not "violent felonies" under 18 U.S.C. § 924(e). Section 924(e) defines "violent felony" as an offense that "involves ... conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). We concluded in both *Weekley* and *Sparks,* that the attempted crimes could not be counted as predicate offenses since the attempt aspect of their conviction eliminated the element of risk involved in the actual commission of their offenses. *Weekley,* 24 F.3d at 1127; *Sparks,* 87 F.3d at 279–80.

Our decisions in *Weekley* and *Sparks* are inapplicable here. The commentary to section 4B1.4, which corresponds to § 924(e), states, that "it is to be noted that the definition[ ] of 'violent felony' ... in 18 U.S.C. § 924(e)(2) [is] not identical to the definition[ ] of 'crime of violence' ... used in § 4B1.1." U.S. Sentencing Guidelines Manual § 4B1.4, cmt. n. 1. In fact, we noted in *Riley* that *Weekley* does not apply to analysis of section 4B1.2 since it involved a different sentencing provision, § 924(e), and the definition of "violent felony" as used in § 924(e) is different from section 4B1.2's definition of "crime of violence." *Riley,* 183 F.3d at 1161 n. 16.

Mr. Sarbia further contends that even if section 4B1.2's definition of "crime of violence" includes attempt crimes, his 1994 Nevada conviction for attempted illegal discharge of a firearm should be treated differently since Nevada attempt law departs substantially from the concept of attempt at common law. Brief for Appellant at 15. At oral argument, Mr. Sarbia's counsel stated that under Nevada law an individual could be convicted of attempting to discharge a firearm into an occupied structure for merely possessing a firearm with the intent to fire that weapon into a structure and committing a "slight act" in furtherance of that intent. Counsel also argued that Nevada's alleged "slight act" standard would be satisfied "if you call up your friend and say, 'Come get me I want to shoot my gang-banger friend.'"

Nevada law requires proof of an act tending, but failing, to commit a crime to prove an attempt to commit a crime. Nevada defines attempt as "[a]n act done with the intent to commit a crime, and tending but failing to accomplish it." Nev. Rev.Stat. § 193.330. The Nevada Supreme Court has stated: "To prove an attempt to commit a crime, the prosecution must establish (1) the intent to commit the crime; (2) performance of some act towards its commission; and (3) failure to consummate its commission." *Moffett v. State,* 96 Nev. 822, 618 P.2d 1223, 1224 (1980) (per curiam). Mere preparation is insufficient to sustain an attempt conviction—there must be " 'direct movement towards the commission *after* the preparations are made.'" *Id.* (emphasis added) (quoting *State v. Lung,* 21 Nev. 209, 28 P. 235, 236–37 (1891)); *see also Van Bell v. State,* 105 Nev. 352, 775 P.2d 1273, 1274 (1989) (per curiam) (stating that in order to prove an attempt crime, the prosecution had to prove that the defendant "performed some act toward the commission of the crime").

At common law an "attempt," was defined as "the specific intent to 'engage in criminal conduct and . . . an overt act which is a substantial step towards committing the crime.'" *United States v. Gracidas–Ulibarry*, 231 F.3d 1188, 1192 (9th Cir.2000) (en banc) (quoting *United States v. Arbelaez*, 812 F.2d 530, 534 (9th Cir.1987) (per curiam)).

██ It is true that Nevada has formulated the elements of attempt using slightly different language from that of the common law. Nevada requires proof that the defendant has performed "some act" rather than a "substantive step" towards the commission of the crime. *Moffett*, 618 P.2d at 1224. The Nevada Supreme Court has held that a conviction for attempt will be affirmed if the evidence shows that the defendant has performed a "slight act," so long as his or her intent to commit the crime is clear. *Van Bell*, 775 P.2d at 1275. However, after reviewing numerous Nevada Supreme Court opinions on the subject, we are persuaded that the terms "some act" or "slight act," as used in the Nevada caselaw, have the same operational meaning as "substantial step," as used in the traditional common-law definition of attempt. *Compare especially Johnson v. Sheriff, Clark County*, 91 Nev. 161, 532 P.2d 1037 (1975) (reversing conviction for attempted murder where defendant had several meetings with a hired assassin and made a plan for the murder and disposal of the body), *with Stephens v. Sheriff, Clark County*, 93 Nev. 338, 565 P.2d 1007 (1977) (affirming conviction for attempted murder where, in addition to making a plan with a hired assassin, defendant executed the first part of the plan by bringing the intended victim to the place where he was to be killed).

In short, Nevada's definition of attempt is coextensive with the federal definition. We are persuaded that the use of "attempt" in the commentary to section 4B1.2 encompasses Mr. Sarbia's 1994 Nevada state conviction for attempting to discharge a firearm at an occupied structure.

### III

Finally, Mr. Sarbia asserts that the commentary to section 4B1.2 is not authoritative because it is ambiguous. This argument is without merit. As discussed above, we have applied the language of the commentary to section 4B1.2 to hold that an attempt qualifies as a "crime of violence" under section 4B1.2. *E.g.*, *Riley*, 183 F.3d at 1160, *Jackson*, 986 F.2d at 314, *Morrison*, 972 F.2d at 270–71. Further, there is nothing ambiguous in the commentary's statement that "crimes of violence" for purposes of section 4B1.2 "include . . . attempting to commit such offenses." U.S. Sentencing Guidelines Manual § 4B1.2, cmt. n. 1.

Accordingly, the district court properly determined that Mr. Sarbia's Nevada state court conviction for attempting to discharge a firearm into an occupied structure is a "crime of violence" for purposes of section 4B1.2, and did not err in adjusting Mr. Sarbia's sentence upward under section 2K2.1(a)(4)(A).

**AFFIRMED.**