## UNITED STATES of America, Plaintiff–Appellee,

v.

## Wendolen Leonard HOWARD, Defendant–Appellant.

### No. 03–10440.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2004.

Decided July 26, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Karyn Kenny, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., Anne R. Traum, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: FERNANDEZ, PAEZ, and CLIFTON, Circuit Judges.

MEMORANDUM *

Wendolen Leonard Howard appeals his jury conviction and sentence for the crime of being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1) & 924(a)(2). We affirm.

(1) Howard alludes to his claim that he was denied his rights under the Sixth Amendment to the United States Constitution and was also denied his right to equal protection. But he did not submit evidence to support those claims. *See Duren v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979); *United States v. Bushyhead,* 270 F.3d 905, 909—10 (9th Cir.2001); *Thomas v. Borg,* 159 F.3d 1147, 1150 (9th Cir.1998). Thus, he has failed to spell out a claim on either Sixth Amendment or equal protection grounds.

(2) Howard also asserts that there was an insufficient foundation that tapes of telephone calls from jail were from him. We disagree. There was ample evidence to sustain a prima facie case that the calls were, indeed, his. Neither their provenance nor the circumstances of their identification undercut their accuracy, authenticity, reliability or trustworthiness to the point that admission was precluded. *See* Fed.R.Evid. 901; *United States v. Plunk,* 153 F.3d 1011, 1021, 1023 (9th Cir.), *amended by* 161 F.3d 1195 (9th Cir.1998), *abrogation on other grounds recognized by United States v. Hankey,* 203 F.3d 1160, 1169 n. 7 (9th Cir.2000); *United States v. Duran,* 4 F.3d 800, 803 (9th Cir.1993); *United States v. Miller,* 771 F.2d 1219, 1234 (9th Cir.1985); *United States v. King,* 587 F.2d 956, 960—61 (9th Cir.1978). The district court did not abuse its discretion. *See United States v. Tank,* 200 F.3d 627, 630 (9th Cir.2000).

(3) Howard next complains that the district court erred when it allowed a police detective to testify to the meaning of common street slang terms used by Howard. Because Howard did not object at trial, we review for plain error. *See United States*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*v. Mendoza–Paz*, 286 F.3d 1104, 1113 (9th Cir.2002). The evidence here stands at the border between true expert testimony and mere lay opinion testimony. *Compare United States v. Hermanek*, 289 F.3d 1076, 1090 (9th Cir.2002), *with United States v. Simas*, 937 F.2d 459, 464 (9th Cir.1991). On the facts of this case, even if admission was technically error, that error did not affect Howard's substantial rights, and certainly did not affect the fairness, public repute or integrity of the trial. *See Mendoza–Paz*, 286 F.3d at 1113. Among other things, the evidence before the court showed that the detective could, rather easily, have qualified as an expert on the relevant street slang had he been put to the test. *See United States v. Mendoza*, 244 F.3d 1037, 1046 (9th Cir.2001).

(4) Howard finally argues that the district court improperly applied the provisions of USSG § 2K2.1(a)(2)[2] because that section incorporates the provisions of USSG § 4B1.2 for the purpose of defining a crime of violence,[3] and he does not come within the definition. He argues that is so because one of his convictions was a Nevada attempt crime and, says he, Nevada's attempt law does not categorically meet the federal attempt definition, as it must. *See Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 2160, 109 L.Ed.2d 607 (1990). That argument is foreclosed by our recent opinion in *United States v. Sarbia*, 367 F.3d 1079, 1086 (9th Cir.2004).

AFFIRMED.

---

**2.** All references to the Guidelines are to the November 1, 2002, version.

**3.** *See* USSG § 2K2.1, comment. (n.5).

