**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADRIAN PENA-ROBLES,

Defendant - Appellant.

No. 10-50440

D.C. No. 3:10-cr-00033-LAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued December 6, 2011 Submitted May 7, 2012
Pasadena, California

Before:    PREGERSON and MURGUIA, Circuit Judges, and CONLON,
District Judge.[**]

Adrian Pena-Robles appeals his conviction and 36-month sentence for

attempted entry into the United States after deportation.  8 U.S.C. § 1326(a), (b).

He argues the district court erred in denying his motion to dismiss the § 1326

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

indictment on grounds that his previous removal order was the result of an expedited removal proceeding that violated his right to due process. Specifically, he contends that he did not validly waive his right to an attorney in connection with the removal proceedings. He claims prejudice because an attorney could have challenged whether the state attempted murder conviction underlying his expedited removal was an aggravated felony. In addition, Pena-Robles challenges his sentence. We deferred submission of the case pending resolution of *United States v. Borbon*, No. 10-50272, *United States v. Contreras-Lopez*, No. 10-50238, and *United States v. Reyes-Bonilla*, No. 10-50361. These cases have now been decided.

We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's denial of the motion to dismiss the indictment. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004). We review *de novo* whether a prior conviction is a "crime of violence" under U.S.S.G. § 2L1.2. *United States v. Bolanos-Hernandez*, 492 F.3d 1140, 1141 (9th Cir. 2007).

Pena-Robles may collaterally attack the validity of the underlying removal order because a prior removal is an element of the § 1326 offense. 8 U.S.C. § 1326(d); *United States v. Mendoza-Lopez*, 481 U.S. 828, 837–38 (1987). To collaterally attack his previous removal order, Pena-Robles must establish that he

was actually prejudiced by the denial of counsel. *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1049 (9th Cir. 2012) (to establish the "fundamental unfairness" required for a collateral attack under § 1326(d), actual prejudice must be shown).

We assume, without deciding, that Pena-Robles has established a due process violation for purposes of this appeal. However, no actual prejudice occurred because he cannot show plausible grounds on which relief from removal could have been granted. *See Reyes-Bonilla*, 671 F.3d at 1049. The district court correctly concluded that Pena-Robles' attempted murder state conviction is an aggravated felony. 8 U.S.C. § 1101(a)(43)(F), (U). Oregon's murder statute falls under § 1101(a)(43)(F) as a crime of violence because it presents a substantial risk that physical force against a person will be used while committing the offense. 18 U.S.C. § 16(b) (defining crime of violence); *Leocal v. Ashcroft*, 543 U.S. 1, 382–83 & n.7 (2004). Although there may be ways in which a death is caused without the use of force, in the typical case, force is involved. The Oregon attempt statute, ORS § 161.405, falls under § 1101(a)(43)(U) because it is coextensive with the generic attempt offense. *See United States v. Sarbia*, 367 F.3d 1079, 1086 (9th Cir. 2004) (defining generic attempt). The text of the definitions are the same, and there is no operational difference in their application. The cases Pena-Robles identifies, *State v. Walters*, 804 P.2d 1164 (Or. 1991), and *Walters v. Maass*, 45

F.3d 1355 (9th Cir. 1995), present differing views on what acts are "strongly corroborative" of an intent to rape and sodomize a minor, but they apply the same law. *See State v. Rinkin*, 917 P.2d 1035, 1041 (Or. Ct. App. 1996) ("Thus, *Maass* and *Walters* apply the same standard to the same evidence and reach different results on the central issue of whether Walters' conduct was sufficiently corroborative of the charged criminal purpose.").

Conviction of an aggravated felony with a sentence of more than five years rendered Pena-Robles ineligible for voluntary departure, asylum, and withholding of removal. 8 U.S.C. §§ 1158(b)(2), 1229c(a)(1), 1231(b)(3). Nor has Pena-Robles identified a plausible basis for deferral of removal under the Convention Against Torture, the only relief from removal remaining to him. 8 C.F.R. § 1208.17(a).

Pena-Robles challenges the district court's 16-level enhancement of his guideline offense level due to his prior conviction of a crime of violence under U.S.S.G. § 2L1.2. The district court did not err. Attempted murder is an enumerated crime of violence under the federal sentencing guidelines. U.S.S.G. § 2L1.2 cmt. note 1(B)(iii), 5. Oregon's definition of attempted murder is coextensive with the federal generic definition.

**AFFIRMED.**