UNITED STATES of America, Plaintiff—Appellee,

v.

David Oliney TAYLOR, Defendant— Appellant.

No. 04–30174.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2005.

Decided July 22, 2005.

Ilene JK Miller, Office of the U.S. Attorney, Tacoma, WA, for Plaintiff-Appellee.

Helen J. Brunner, Esq., Office of the U.S. Attorney, William Broberg, Esq., Law Office of William Broberg, Seattle, WA, for Defendant-Appellant.

Before WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

## MEMORANDUM *

David Oliney Taylor appeals his sentence of 235 months following his guilty plea to ten counts of armed bank robbery in violation of 18 U.S.C. § 2113. We have jurisdiction under 28 U.S.C. § 1291. We affirm Taylor's conviction but remand in accordance with *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc).

Taylor first challenges the denial of his two motions to substitute counsel. Taylor argues that the district court erred in failing to conduct an inquiry into his motions to substitute counsel. We review for an abuse of discretion. *United States v. Musa*, 220 F.3d 1096, 1102 (9th Cir. 2000). In exercising its discretion, we have emphasized that the district court

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"must conduct an inquiry adequate to create a 'sufficient basis for reaching an informed decision.'" *Id.* (citations omitted). The district court summarily denied Taylor's first motion to substitute counsel, and inquired only briefly about the second motion at Taylor's sentencing hearing. Although the district court should have made a more extensive examination into the alleged conflict, the district court did not abuse its discretion in view of its familiarity with Taylor's letters to the court outlining his problems with counsel Charles Johnston that mirrored his complaints about his former attorney. *See United States v. McClendon,* 782 F.2d 785, 789 (9th Cir.1986); *United States v. George,* 85 F.3d 1433, 1439 (9th Cir.1996). Furthermore, Taylor was unable to identify any deficiency in Johnston's representation other than the communication failure that resulted from Taylor's own refusal to see or speak with Johnston and Taylor's displeasure with Johnston's assessment of the case. *See United States v. Roston,* 986 F.2d 1287, 1292–93 (9th Cir.1993).

■ Taylor argues that his sentence should be vacated because the district court failed to comply with the time limits for disclosure of a pre-sentence report, and failed to verify that Taylor and his counsel read and discussed the report. *See* Fed. R.Crim. P. 32(e)(2), 32(i)(1)(A). However, since Taylor cannot identify any prejudice from the alleged late delivery of the report, any error is harmless. *See United States v. Turner,* 898 F.2d 705, 714 (9th Cir.1990). Similarly, even assuming Taylor had not read the report and discussed it with his counsel, Taylor failed to show any prejudice, and so any error is harmless. *See United States v. Davila–Escovedo,* 36 F.3d 840, 843–44 (9th Cir.1994).

■ Taylor contends that the district court erred in denying his motion for a neuropsychological examination. Because Taylor has not identified what relevance, if any, a neuropsychological evaluation would have had to his classification as a career offender, Taylor is unable to demonstrate any error, much less that he was prejudiced by the lack of such an evaluation. *See United States v. Labansat,* 94 F.3d 527, 530 (9th Cir.1996).

■ Taylor raises several challenges to the district court's application of the Sentencing Guidelines. He argues that the district court erroneously applied a "career offender" enhancement because there was insufficient evidence that he has two prior felony convictions of a "crime of violence." See U.S.S.G. § 4B1.1(a). We will not consider this argument because it was first raised in Taylor's reply brief. *See Okanogan Highlands Alliance v. Williams,* 236 F.3d 468, 478 n. 4 (9th Cir. 2000). We reject Taylor's contention that the district court's application of the career offender enhancement violated the Sixth Amendment, because the enhancement was based only on the fact of a prior conviction. *See United States v. Moreno–Hernandez,* 397 F.3d 1248, 1255 n. 8 (9th Cir.2005), *amended by* No. 03–30387, slip op. 7773 (9th Cir. July 5, 2005). However, the district court did commit "nonconstitutional" error by treating the Guidelines as mandatory. Because we cannot determine from the record whether the district court would have imposed a materially different sentence if it had known the Guidelines were advisory, we grant a "limited remand." *See id.* at 7794–95.

■ Finally, Taylor seeks reassignment to a new judge upon remand for resentencing. Remand to a different district judge is appropriate if "there is a demonstration of personal bias or in unusual circumstances." *California v. Montrose Chemical Corp. of California,* 104 F.3d 1507, 1521 (9th Cir.1997) (citations omitted).

Taylor has not shown that remand to a different district court judge is warranted.

**CONVICTION AFFIRMED. REMANDED FOR RESENTENCING.**