**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISAAC WILLIAMSON,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | Nos. 08-71722<br>08-71073<br><br>Agency No. A038-581-257<br><br>MEMORANDUM [*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted November 17, 2009[**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

In these consolidated petitions for review, Isaac Williamson, a native and

citizen of Jamaica, petitions pro se for review of the Board of Immigration

Appeals' orders dismissing his appeal from an immigration judge's removal order

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

IH/Research

and denying his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252.

We review de novo questions of law, *Husyev v. Mukasey*, 528 F.3d 1172, 1177

(9th Cir. 2008), review for abuse of discretion the denial of a motion to reopen,

*Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and review for substantial

evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182,

1184-85 (9th Cir. 2006). We deny the petitions for review.

The written plea agreement in the record establishes that Williamson was

convicted of "Attempted Transportation of Marijuana for Sale" in violation of

Arizona Revised Statutes §§ 13-3401, 3405, 3418, 1001, 701, 702.01, and 801.

*See Parrilla v. Gonzales*, 414 F.3d 1038, 1043 (9th Cir. 2005) (a written plea

agreement is a judicially noticeable document under the modified categorical

approach described in *Shepard v. United States*, 544 U.S. 13 (2005)). Williamson

does not challenge the agency's conclusion that his conviction was analogous to

the federal felony of "Attempted Possession of Marijuana for Sale" and therefore

an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) and (U). *See Lopez v.

Gonzales*, 549 U.S. 47, 55 (2006). Accordingly, the agency did not err in finding

Williamson removable.

The BIA did not abuse its discretion in denying Williamson's motion to reconsider. *See United States v. Taylor*, 259 F.3d 1232, 1238 (9th Cir. 2008) ("Arizona's definition of attempt is coextensive with the federal definition.").

Williamson contends the agency violated due process by refusing to rule on his motion to terminate and disregarding the evidence he presented with his appeal. He also alleges the immigration judge did not explain the charges and provide him with a definition of the crime before he admitted to the factual allegations. Contrary to Williamson's contentions, the proceedings were not "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (citation omitted). Moreover, Williamson failed to demonstrate that the alleged violations may have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

Finally, substantial evidence supports the agency's denial of relief under the Convention Against Torture because Williamson did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Jamaican government. *See Arteaga v. Mukasey*, 511 F.3d 940, 946 (9th Cir. 2007).

Williamson's pending motion is denied as moot.

**PETITIONS FOR REVIEW DENIED.**