**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ALBERTO ORDAZ-MORENO, AKA Carlos Ordaz-Moreno,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-71963<br><br>Agency No. A092-026-127<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2013[**]
San Francisco, California

Before: FARRIS, FERNANDEZ, and IKUTA, Circuit Judges.

Carlos Alberto Ordaz-Moreno appeals the Board of Immigration Appeals's

("BIA") decision concluding he was ineligible for (1) cancellation of removal

because he had been convicted of an aggravated felony; and (2) deferral of removal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture (CAT) because his allegation of government involvement was too speculative. We have jurisdiction pursuant to 8 U.S.C. § 1252.

The BIA correctly concluded that Ordaz-Moreno's Arizona conviction for attempted transportation of marijuana for sale constitutes an aggravated felony conviction under the Immigration and Nationality Act. Transportation of marijuana for sale, *see* Ariz. Rev. Stat. § 13-3405(A)(4), qualifies as an illicit trafficking crime under 8 U.S.C. § 1101(a)(43)(B). We have concluded that Arizona's definition of attempt, *see* Ariz. Rev. Stat. § 13-1001(A), is coextensive with the federal definition. *United States v. Taylor,* 529 F.3d 1232, 1238 (9th Cir. 2008). While *Taylor* was decided in the context of a criminal sentencing proceeding, there is no basis to alter this statutory construction. "[W]here a statute 'has both criminal and noncriminal applications,' the statute should be consistently interpreted in both criminal and noncriminal, *i.e.*, immigration, applications." *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1028 n.3 (9th Cir. 2005) (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 11 n.8 (2004)). Ordaz-Moreno's aggravated felony conviction renders him ineligible for cancellation of removal. 8 U.S.C. § 1229b(a)(3).

The BIA did not err in denying Ordaz-Moreno's deferral of removal claim under the CAT. Substantial evidence supports the BIA's conclusion that Ordaz-

Moreno, if returned to Mexico, is not "more likely than not" to suffer torture with the consent or acquiescence of a public official. 8 C.F.R. § 1208.17(a). Ordaz-Moreno offered no evidence that Mexican officials knew of or supported instances of torture carried out by Chapo's organization. Moreover, the BIA correctly concluded that Ordaz-Moreno did not proffer evidence that corruption in Mexico was so widespread that it may be presumed in every case. For these reasons, the record does not compel the conclusion that Mexican officials will acquiesce to torture carried out by Chapo or his associates. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747–48 (9th Cir. 2008).

PETITION DENIED.