
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JERRY MARVETTE BRICE, a.k.a. Jerry M. Brice,<br><br>Defendant - Appellant. | No. 13-10099<br><br>D.C. No. 2:12-cr-00340-SRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted February 3, 2015
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and MURPHY, District Judge.[**]

After a four-day trial, a federal jury convicted Jerry Marvette Brice of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g). On appeal, Brice

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

argues that the district court committed reversible error in several of its evidentiary rulings, by denying his challenge to the government's peremptory strike of an African American venire member, and when it sentenced Brice as an armed career criminal under 18 U.S.C. § 924(e)(1). Because we find that the district court did not err—or when it did, its errors were harmless—we affirm.

1. Although the district court erred when it determined that defense witness Deric McWilliams was "available" within the meaning of Federal Rule of Evidence 804(a)(1), *see United States v. Wilmore*, 381 F.3d 868, 872 & n.5 (9th Cir. 2004), *overruled in part on other grounds by United States v. Larson*, 495 F.3d 1094, 1100–01 (9th Cir. 2007) (en banc), that error was harmless for several reasons. First, the government presented ample evidence to support Brice's conviction. Second, although neither McWilliams nor defense investigator Lee Cole testified that McWilliams (rather than Brice) possessed the gun, McWilliams did otherwise exculpate Brice at trial. During direct examination, McWilliams told the jury that Brice did not have a weapon when approached by police on the day of the incident. Notwithstanding this testimony, the jury convicted Brice of possessing the Sig Sauer pistol. There is no reason to believe that the jurors would have credited McWilliams's unsworn, out of court statements to Cole when they did not credit his sworn testimony at trial. *See United States v. Wood*, 550 F.2d

2

435, 441 (9th Cir. 1976) (finding harmlessness following Rule 804 error when the excluded declarant "would not have been a credible witness"). Finally, the district court did not violate Brice's Sixth Amendment right to present a defense by excluding McWilliams's testimony because the testimony did "not bear persuasive assurances of trustworthiness." *United States v. Gadson*, 763 F.3d 1189, 1200–01 (9th Cir. 2014) (quotation marks omitted).

Second, the district court did not abuse its discretion when it denied Brice's motion for a mistrial. The district court found that Jody Daniels's testimony established only that he and Brice had been co-defendants, not that Brice had previously committed a firearms offense. This construction of Daniels's testimony is not implausible or illogical. *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

Third, the district court did not abuse its discretion by admitting Scott Davis's testimony: The government laid a sufficient foundation under Federal Rule of Evidence 602, and—after careful balancing—the district court properly found that Davis's testimony was more probative than unduly prejudicial, *see* Fed. R. Evid. 403. Finally, cumulative errors do not require reversal.

2. The district court did not err when it denied Brice's challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986). The prosecutor offered several race-

3

neutral reasons for striking Juror 19 from the venire, the record supports the district court's conclusion that those reasons were not pretextual, and the "seated jury included [one African American] who w[as] not struck by the government," *see United States v. Cruz-Escoto*, 476 F.3d 1081, 1090 (9th Cir. 2007). A comparative juror analysis does not require a different result. *Cf. Miller–El v. Dretke*, 545 U.S. 231, 241 (2005).

3. Finally, the district court did not commit reversible error when it sentenced Brice under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). Although the district court erred by applying the ACCA without comparing the state statutes under which Brice was previously convicted against the generic federal definitions, the error does not require reversal because it did not affect Brice's substantial rights. *United States v. Rendon-Duarte*, 490 F.3d 1142, 1146–47 (9th Cir. 2007). At least three of Brice's five state felony convictions—including a 1993 conviction for attempted murder, Ariz. Rev. Stat. § 13-1104, and two 2001 convictions for armed robbery, Ariz. Rev. Stat. §§ 13-1901, 13-1902, 13-1904—qualify as violent felony convictions within the meaning of the ACCA. *See United States v. Taylor*, 529 F.3d 1232, 1238 (9th Cir. 2008). Nor did the district court's application of the ACCA violate Brice's Sixth

Amendment rights. *See Descamps v. United States*, 133 S. Ct. 2276, 2288 (2013). The 240-month sentence was, therefore, proper.

 **AFFIRMED**.