**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARIO ARREDONDO FIERRO, AKA Mario Arredondo, AKA Mario Arrendondo-Fierro, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-70131 <br><br> Agency No. A091-033-070 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2015[**]
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

Mario Arredondo Fierro ("Fierro"), a native and citizen of Mexico, and a

lawful permanent resident of the United States, petitions for review of the Board of

Immigration Appeals' ("BIA") order finding removability based, in part, on the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

BIA's determination that Fierro's state convictions for attempted sale or transportation of marijuana, in violation of Ariz. Rev. Stat. §§ 13-1001 and 13-3405, are aggravated felonies under 8 U.S.C. § 1101(a)(43)(U).[1] We have jurisdiction under 8 U.S.C. § 1252 to review whether his conviction constituted an aggravated felony, and we deny in part and dismiss in part the petition.

1.      Under the modified categorical approach, Fierro's state convictions are aggravated felonies under 8 U.S.C. § 1101(a)(43)(U); *see Cazarez–Gutierrez v. Ashcroft*, 382 F.3d 905, 912 (9th Cir.2004) ("[A] state drug offense is an aggravated felony for immigration purposes . . . if . . . the crime contains a trafficking element."). During Fierro's change of plea hearing, he admitted he attempted to "transfer a sizeable amount of marijuana . . . to another individual" on two separate occasions. Fierro admitted he acted as a "broker or . . . a middle man" for the drug transactions. These admissions sufficiently establish Fierro was convicted of a federal drug trafficking offense. *See* 21 U.S.C. § 841(a)(1); *United States v. Ahumada-Avalos*, 875 F.2d 681, 683 (9th Cir. 1989) (holding "distribution" of a controlled substance can be established by showing the defendant "participat[ed] in the [drug] transaction viewed as a whole" (internal

---

[1] Although Fierro sought relief under the Convention Against Torture, he does not challenge the BIA's denial of CAT relief.

quotation marks omitted)). Therefore, the BIA did not err by concluding that Fierro's state convictions amounted to aggravated felonies under 8 U.S.C. § 1101(a)(43)(U).

2. Fierro also argues that his convictions are not aggravated felonies because Arizona's definition of "attempt" is broader than the federal definition. Fierro's claim lacks merit. *See United States v. Taylor*, 529 F.3d 1232, 1238 (9th Cir. 2008) ("[I]t is clear that Arizona's definition of attempt is coextensive with the federal definition."). However, because Fierro failed to raise any argument about the scope of Ariz. Rev. Stat. § 13-1001 before the BIA, we lack jurisdiction to consider the issue. 8 U.S.C. § 1252(d)(1); *see Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) ("The petitioner's failure to raise an issue to the BIA constitutes a failure to exhaust, depriving this court of jurisdiction.").

**DISMISSED in part and DENIED in part.**