# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL EDWARD HERROD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75505

**FILED**

JUL 1 0 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree kidnapping resulting in substantial bodily harm, battery resulting in substantial bodily harm constituting domestic violence, trafficking in a controlled substance, and two counts each of attempted murder and preventing or dissuading a witness from testifying or producing evidence. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

Appellant Michael Herrod first argues that the district court abused its discretion in denying his competency-evaluation request. We review for an abuse of discretion. *Olivares v. State*, 124 Nev. 1142, 1148, 195 P.3d 864, 868 (2008). An incompetent defendant lacks "the present ability to understand either the nature of the criminal charges against him or the nature and purpose of the court proceedings, or is not able to aid and assist his counsel in the defense at any time during the proceedings with a reasonable degree of rational understanding." *Id.*; *see also* NRS 178.400(2) (defining "incompetent" for trial and sentencing purposes). "[I]f doubt arises as to the competence of the defendant, the court shall suspend the proceedings . . . until the question of competence is determined," NRS 178.405(1), and hold a formal competency hearing if substantial evidence—defined as that raising "a reasonable doubt about the defendant's competency to stand trial"—shows that the defendant may not be competent

19-29282

to stand trial, *Olivares*, 124 Nev. at 1148, 195 P.3d at 868 (internal quotation marks omitted) (quoting *Melchor-Gloria v. State*, 99 Nev. 174, 180, 660 P.2d 109, 113 (1983)).

Midway through the victim's direct examination, Herrod's attorneys apprised the district court that Herrod appeared to be hallucinating and wanted to have a psychological evaluation. In response, the district court canvassed Herrod and his counsel, who advised he had not previously seen Herrod having these issues. The State objected, arguing that Herrod previously raised competency issues during the victim's preliminary-hearing testimony, the same witness on the stand at trial when Herrod again requested an evaluation. Herrod's request during the preliminary hearing caused a continuance and resulted in two evaluations finding him competent. The State also proffered that after the continuance, Herrod made telephone calls from the jail urging others to keep the victim from appearing at his trial and discussing how to feign incompetence. Records from medical professionals at the Clark County Detention Center indicated a belief that Herrod was trying to manipulate his way out of court. The district court accepted the State's representations and admitted the jail calls and records as a court exhibit.[1] Under these facts, we conclude Herrod did not raise a reasonable doubt as to his competency, particularly since the record demonstrates his understanding of the court proceedings, the criminal charges, and his ability to assist his counsel. Thus, we conclude

---

[1]Herrod complains that the court should have reviewed the exhibit before determining whether to order a competency evaluation. While we agree that would have been the best practice, the record supports the State's representations and Herrod neither objected at the time, nor contends on appeal that the State's representations were inaccurate. Any error thus was harmless. *See* NRS 178.598 ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.").

the district court did not abuse its discretion in denying Herrod's mid-trial motion for a competency evaluation. *Olivares*, 124 Nev. at 1148, 195 P.3d at 868.

Herrod next argues that insufficient evidence supports the kidnapping and attempted murder charges. Specifically, Herrod contends that the State failed to prove kidnapping because the victim voluntarily entered his car and failed to exit when she had opportunities. We disagree. When reviewing a challenge to the sufficiency of the evidence, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The record shows that the victim voluntarily entered Herrod's vehicle intending to leave with him to discuss their relationship, but that, instead, Herrod immediately began to batter her as he drove to and stopped at different businesses, inflicting injuries that prevented her from readily fleeing.

In a related fashion, Herrod argues that the kidnapping was incidental to the battery and attempted murder. We disagree because driving and moving the victim to different areas was not required to physically harm or attempt to kill her. *See Pascua v. State*, 122 Nev. 1001, 1006, 145 P.3d 1031, 1034 (2006) (reiterating that dual convictions can stand where movement of the victim substantially exceeds that which is required to complete the associated crime). Thus, convictions for kidnapping, battery, and attempted murder were permitted in this case.

As to attempted murder, Herrod argues the State failed to prove intent. "An act done with the intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime." NRS

193.330(1). Contrary to Herrod's arguments, Nevada law only requires "some act, beyond mere preparation." *Moffett v. State*, 96 Nev. 822, 824, 618 P.2d 1223, 1224 (1980). The record shows that Herrod told the victim that she had pushed him to kill her, poured a liquid on her that smelled of gasoline, told her that he was going to set her on fire, and then clicked a lighter. Later Herrod told the victim that he wanted her to feel the pain he did from a motorcycle accident and then opened the passenger door and pushed her toward it, causing the victim to resist being pushed out of the moving vehicle. We conclude that viewing this evidence in the light most favorable to the State, a rational trier of fact could conclude beyond a reasonable doubt that Herrod intended to kill the victim and in both instances took "direct but ineffectual act[s] toward the commission of the crime[s]." *Darnell v. State*, 92 Nev. 680, 682, 558 P.2d 624, 625-26 (1976); *see also* NRS 200.010 (defining murder); NRS 193.330(1) (defining attempt); *Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975) (recognizing that "it is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of the witness").

Lastly, Herrod argues that the district court erred in imposing consecutive sentences for kidnapping (count 1) and battery (count 2) because the convictions are redundant.[2] This argument lacks merit for several reasons. First, if the convictions were redundant, the remedy would be to vacate one of them, not to impose concurrent sentences. *Crowley v. State*, 120 Nev. 30, 33, 83 P.3d 282, 285 (2004). Second, the factual premise for this argument—that the convictions arise from a single act on March 29, 2017—fails because the battery (count 2) involved conduct on March 26,

_____

[2]Herrod's brief refers to counts 1, 2, and 4. The district court dismissed count 4 before sentencing, however, and therefore we address his argument only as it relates to counts 1 and 2.

SUPREME COURT
OF
NEVADA

(O) 1947A

2017 (three days before the kidnapping) *and* March 29, 2017 (the day of the kidnapping). Finally, the convictions for battery and kidnapping are not redundant because they are not the same offense under the *Blockburger* test as each has at least one element that the other does not. *Jackson v. State*, 128 Nev. 598, 291 P.3d 1274 (2012) (discussing this court's redundancy cases and explaining that when the issue is whether a single act that violates more than one criminal statute can be punished cumulatively, the *Blockburger* same-elements test applies absent legislative direction regarding cumulative punishments); NRS 200.310 (defining kidnapping); NRS 200.320 (prescribing kidnapping penalties); NRS 200.481 (defining battery and specifying penalties); NRS 200.485 (delineating penalties for battery which constitutes domestic violence); NRS 33.018 (defining acts which constitute domestic violence).

Having considered Herrod's arguments and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Richard Scotti, District Judge
Anthony L. Abbatangelo
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk